JINKS MCGHEE v. JOSEPH ROMATKA.

Decided March 2, 1898.

**Judgment—Setting Aside—Party to Suit.**

Jinks McGhee was not a party to a judgment obtained against Alpheus McGhee, Jr., though he was the person in fact meant, and not being a party to the judgment, he could not maintain suit to set it aside.

ERROR from McLennan. Tried below before Hon. L. W. GOODRICH.

(See McGhee v. Romatka, 92 Texas.)

*J. B. Scarborough,* for plaintiff in error.

*Richard I. Monroe* and *E. M. Ewing,* for defendant in error.

COLLARD, ASSOCIATE JUSTICE.—An original suit was brought February 15, 1890, by Jos. Romatka, the defendant in error, against Alpheus McGhee, a minor, alleged to reside in McLennan County, Texas, to recover the north one-half quarter No. 3 of section 28 of the University school land, situated in McLennan County. The petition alleged that the land was located by Alpheus McGhee, Sr., on the —— day of ————, 18——, and was never paid for by him; that his surviving widow married one F. T. Wood, and that she, M. A. Wood (formerly McGhee, widow of Alpheus McGhee, Sr.) and F. T. Wood, sold the land to C. E. Kingsbury, before the same was ever "paid for to the State of Texas, which purchase money was a first lien against the land in favor of the State of Texas; which purchase money constituted a community debt against the estate of said Alpheus McGhee and M. A. McGhee, who afterwards married F. T. Wood." It is alleged that after the marriage of the surviving widow to F. T. Wood she was compelled to dispose of and sell the land for the purpose of paying off and discharging the debt which was assumed by C. E. Kingsbury. It is further alleged that M. A. Wood, joined by her husband F. T. Wood, had full power to sell the land to pay the debt, free from all claims of the minor, the heir of Alpheus McGhee, Sr.; that the minor is setting up some sort of claim to the land, as heir of his father, Alpheus McGhee, which, in connection with the refusal of the Commissioner of the General Land Office to issue patent to the plaintiff as assignee constitutes a cloud upon the plaintiff's title and renders the same unsalable to the extent of one-half thereof, of the value of $500. Prayer for citation to defendant; that guardian be appointed to represent

the minor, and for decree removing cloud from plaintiff's title, for costs, and general relief. The petition is signed by counsel for plaintiff.

There was an answer, not filed among the papers, as follows:

"Joseph Romatka v. Alpheus McGhee.—Suit in District Court McLennan County, Texas.

"Now comes Thomas C. Smith, as guardian ad litem, under appointment by the court, for the minor Alpheus McGhee, and demurs to plaintiff's petition and prays judgment of the court.

(Signed)　　　　　　　　　　　　　　"Thos. C. Smith,

"Guardian ad litem.

"And further answering, this guardian denies all and singular the allegations in plaintiff's petition, except as to claim alleged.

(Signed)　　　　　　　　　　　　　　"Thos. C. Smith,

"Guardian ad litem for Defendant."

An original answer was filed October 10, signed by "Pearce & Boynton, attorneys for defendant," containing a general demurrer to the petition and a general denial.

December 4, 1890, the following judgment was rendered by the court in the cause: "This day came the parties by their attorneys, defendant represented by his guardian ad litem, T. C. Smith, Esq., heretofore appointed to represent him, and a jury being waived, submit all matters in controversy, as well of fact as of law, to the court; all demurrers having been first overruled. And the evidence and the argument of counsel having been heard and fully understood, it is considered and decreed by the court that Alpheus McGhee, Sr., is dead; that he left surviving him his wife, M. A. McGhee (who afterwards married F. T. Wood) and this defendant, as their son and only child, as his sole and only surviving heirs; that said M. A. Wood and her husband sold the land herein described to C. E. Kingsbury, who sold to the plaintiff, Joseph Romatka, with the greater part of the purchase money of said land unpaid and owing to the State of Texas, and that said M. A. Wood, joined by her husband, had full right to sell said land in liquidation of the community debt existing as aforesaid against the same; and that the plaintiff recover of the defendant the premises bounded as follows: The north half of quarter section No. 3 of section No. (28) twenty-eight, of the University land situated in McLennan County; and that all title be divested out of said defendant and invested in plaintiff to said land." Execution ordered for costs in favor of the officers of court against plaintiff, including a fee of $25 allowed the guardian ad litem.

July 10, 1896, in the same case, one Jinks McGhee, by attorney, filed an unsworn motion or petition as follows, after styling the case and stating venue:

"To the Hon. L. W. Goodrich, Judge: Comes now your petitioner, Jinks McGhee, a resident citizen of Taylor County, Texas, complaining of Joseph Romatka, a resident citizen of McLennan County, Texas, and

represents unto your honor that heretofore, to wit, on the 24th day of December, 1890, there was rendered in this court a judgment in said above styled and numbered cause against one Alpheus McGhee, alleged to be the only son of Alpheus McGhee and M. A. McGhee. Petitioner alleges that he is the only son and child of said Alpheus McGhee, deceased, and the said M. A. McGhee, who intermarried with F. T. Wood, and is the person intended to have been sued in said cause, but his name is Jinks McGhee and not Alpheus McGhee, and never has been. That there is no such person as Alpheus McGhee, son of Alpheus McGhee, deceased, and M. A. McGhee."

It is alleged that the judgment formerly taken is illgeal and void, and should be set aside and annulled, because not rendered against any living person, and no one before the court against whom judgment could be rendered, and that if intended to be against this petitioner, that at the time suit was filed and up to within the last six months petitioner was a minor, the only child of Alpheus McGhee; that the subject matter of controversy is eighty acres of land, the north half of quarter section No. 3, of section 28, of the University lands situated in McLennan County, Texas.

It is further alleged that petitioner's father bought the land from the State of Texas, and at his death there survived him petitioner and his mother, who afterwards intermarried with F. T. Wood, as his only surviving heirs; that the land was community property of his father and mother, and the homestead of his mother; that at his father's death, one-half of the land descended to him; that after his father's death and after his mother's intermarriage with F. T. Wood, they sold the land to said Kingsbury; that at the time of the sale, there was due as purchase money to the State on the land about $60; that it was then worth $30 per acre; that the sale was fraudulent, and was made to deprive petitioner of his title  That no citation was ever served upon him or anyone else, and that there is no record of appointment of a guardian ad litem. That the paper purporting to be the answer of Thomas C. Smith, guardian ad litem, which admits plaintiff's case, was not filed; that the record and the evidence contained therein show that there was a mistake of law by the court in rendering judgment; that the only judgment that could have been rendered was one foreclosing a lien on the land for the balance of purchase money due thereon, "which was not done, and could not have been done, as the case was brought;" that the petition was subject to a general demurrer—is based upon a misconception of the law; that he was not before the court in any legal manner whatsoever, nor were his rights protected. He prays citation to Romatka that the judgment be set aside, vacated, and annulled, and for judgment for title for one-half of the land and writ of possession.

Romatka filed demurrers and answer to the merits. The court sustained exceptions to the petition or motion, upon the ground that Jinks McGhee was a stranger to the original suit, and could not be heard to

set aside the judgment. He has sued out writ of error from the judgment.

*Opinion.*—According to the averments of the petition, it appears that the rights of the mover or petitioner are in no manner affected by the judgment sought to be vacated; that he is not the person sued, nor the person against whom the judgment was rendered, and consequently can not be heard to set it aside, nor to annul it.

There is no error in the judgment of the court, and it is affirmed.

*Affirmed.*

Application for writ of error was dismissed by the Supreme Court for want of jurisdiction.