## TEXAS PACIFIC R'Y CO. v. SIM FLORENCE.

### (No. 3318.)

APPEAL from Van Zandt County. Opinion by WHITE, P. J.

W. B. WYNNE, counsel for appellant.

KEARBY & GREER, counsel for appellee.

§ 38. *Common carriers; damages against for carrying passenger beyond his station held excessive and unconscionable; citation insufficient which directs a corporation's agent, and not the corporation, to be summoned.* Appellee, Florence, sued the railroad company for $500 damages. He was at Wills Point, in Van Zandt county, and purchased a first-class passenger ticket to Grand Sa-

line, another station in said county, about eighteen miles distant. He boarded the train at Wills Point about 12 o'clock at night. His ticket was shortly after taken up by the conductor. The whistle blew for Grand Saline, but appellant says the train did not stop, and he got up and went out on the platform, where he met the conductor. "He said to me: 'We liked to have carried you by. It was very dark and I could not tell where we were at.' He said to me: 'You know where the switch is, don't you?' and I said: 'No.' He then said: 'Are you going to get off?' I said: 'I guess so.' He said: 'Well, get off then.' I stepped off. There was no light. It was very muddy. The mud came up about half way to my boot-tops. The train then pulled out and left me, and I waded out of the mud and got onto the railroad track and walked it back to the depot,— I suppose some two hundred or two hundred and fifty yards." He says where he got off was a dark, desolate place, and, while he was not scared, he did not feel comfortable. He had "a grip-sack and about a peck of potatoes as baggage," which he had to carry back with him. The jury gave him by their verdict $300 as his damages, or about $1 for every yard or step he had to walk back, and judgment was rendered accordingly. The walk and exercise and exposure in no way affected his health, and he appears to have suffered no further inconvenience or trouble than the extra walk, and having to clean a good deal of mud off his boots the next morning. Defendant company moved to quash the citation which was issued in the case. This citation commanded the sheriff to "summon Will Montague, acting agent of the Texas & Pacific Railroad Company;" and the return of the sheriff is that he executed the writ by delivering a copy of the same to Will Montague, agent, etc. This motion to quash the citation was overruled. Article 1223 of the Revised Statutes provides how citations in suits against incorporated companies may be served; and, while it may

be served upon the local agent, the citation, or rather the command, must be to summon the corporation, and not its agent. [Insurance Co. v. Seeligson, 59 Tex. 3; 2 Civil Cas. Ct. App., § 242; 3 Civil Cas. Ct. App., § 386.] It was error to overrule the motion to quash said citation. We are of the opinion the verdict and judgment are both excessive and unconscionable. [Railway Co. v. Bracken, 59 Tex. 71.]

December 12, 1889.      Reversed and remanded.