MUTUAL LIFE INSURANCE COMPANY OF NEW YORK v. SOPHIE C. UECKER.

Decided April 10, 1907.

**Citation—Corporation—Agent.**

A citation in a suit against a corporation alleged to have an agent in the State which commands the officer to summon the agent named, and not the corporation itself, to appear and answer, will not support a judgment by default.

Error to the District Court of Blanco County. Tried below before Hon. Clarence Martin.

*Jas. D. Crenshaw,* for plaintiff in error.

No briefs for defendant in error.

EIDSON, ASSOCIATE JUSTICE.—The petition in this case alleged that plaintiff in error is a foreign, private corporation incorporated under the laws of the State of New York; that it is doing business in the State of Texas under the authority of said State and her laws, and that Edwin Chamberlain of San Antonio, Bexar County, Texas, is its duly authorized agent under power of attorney, upon whom process may be served. There is a prayer in the petition that the defendant (plaintiff in error) be cited to answer the petition. The citation issued upon this petition commanded the officer to "summon Edwin Chamberlain, agent of the Mutual Life Insurance Company of New York, a foreign private corporation, to be and appear before the Honorable District Court of Blanco County, Texas, at the next regular term thereof, to be holden, etc." The return of the officer upon the citation shows that it was executed by delivering to Edwin Chamberlain a true copy thereof, together with the accompanying certified copy of plaintiff's petition.

Plaintiff in error filed no answer in the court below, nor otherwise made any appearance. There was a judgment by default rendered and entered in the court below against plaintiff in error and in favor of the defendant in error for the amount sued for in her petition, from which judgment plaintiff in error has perfected a writ of error to this Court, and asks a reversal of the judgment of the court below upon the ground that no jurisdiction was acquired over plaintiff in error by the court below authorizing it to render the judgment by default, because the citation directed the agent of the plaintiff in error to be summoned to answer the petition of the plaintiff in the suit, instead of directing the plaintiff in error (defendant in that suit) to be summoned.

We think the contention of plaintiff in error is sound, and must be sustained. The citation did not direct the officer to summon the Mutual Life Insurance Company, the defendant in the case, but directed that a person alleged in the petition to be the agent of the defendant should be summoned. This was not a compliance with the statute, which required the citation to command the officer to summon the defendant to appear and answer the plaintiff's petition; and hence the citation in this case did not confer jurisdiction on the court below to render the judgment by default against the plaintiff in error. (Sayles Rev. Stat. Art. 1214; Gulf, C. & S. F. Ry. Co. v. Rawlins, 80 Texas, 579; Texas & Pac. Ry. Co. v. Florence, 14 S. W. Rep., 1070; Texas-Mexican Ry. Co. v. Wright, 29 S. W., 1134; International & G. N. Ry. Co. v. Sauls, 2 Texas App. Civ. Cas. 242.)

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*