## AMERICAN CITIZENS' LABOR & PROTECTIVE INST. O. TEXAS v. HENDERSON. (No. 3411.)

Court of Civil Appeals of Texas. Texarkana.
June 2, 1927.

Insurance ⬸626—Citation directing sheriff to summon commissioner of insurance held insufficient to give court jurisdiction to render default against insurer.

In action by beneficiary to recover on a policy of insurance, citation directing sheriff to summon the commissioner of insurance, presumably agent or attorney of insurer, to appear and answer, *held* insufficient to give court jurisdiction to render judgment by default against insurer.

Error from Bowie County Court; S. I. Robison, Judge.

Action by Ella L. Henderson against the American Citizens' Labor & Protective Institution of Texas. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

G. R. Lipscomb, of Fort Worth, for plaintiff in error.

Wm. V. Brown, of Texarkana, for defendant in error.

HODGES, J. The defendant in error sued the plaintiff in error to recover the sum of $400 alleged to be due on a policy of insurance which had theretofore been issued to S. A. Henderson, in which the defendant in error was named as a beneficiary. It was further alleged that S. A. Henderson died in 1926, while the policy was in full force and effect; that, upon the proper presentation of proofs of death, and after a demand for payment, plaintiff in error had refused, and still refuses, to pay any of the amount due. The citation was issued by the clerk, addressed to "the sheriff or any constable of Travis county," and is, in part, as follows:

"You are hereby commanded to summon the commissioner of insurance of the state of Texas to be and appear before the honorable county court of Bowie county, Tex., at the next regular term thereof, to be holden in the court

---

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

house in Boston, Tex., on the second Monday in July, 1926."

The return shows that this citation was served on the commissioner of insurance of the state of Texas on the 29th of April, 1926. No answer was filed in the trial court by the plaintiff in error; and, after hearing the evidence, the court rendered a judgment by default in the sum of $400.

The judgment rendered is assailed in this appeal upon the ground that the trial court did not have jurisdiction of the person of the plaintiff in error because the citation issued was void. It will be observed that it commanded the sheriff to summon the commissioner of insurance, who, presumably, was made the agent or attorney of the plaintiff in error, upon whom process of this character might be served. We are of the opinion that a citation which directs the sheriff to summon the agent to appear and answer in a suit is not sufficient to give the court jurisdiction to render a judgment by default against the principal. Mutual Life Ins. Co. v. Uecker, 46 Tex. Civ. App. 84, 101 S. W. 873, and cases there referred to.

The judgment will be reversed and remanded for a new trial, without reference to any of the other assignments presented.