## W. O. STRINGER et al., Appellants, v. The MOTORS SECURITIES CO., Inc. Appellee. (No. 1813.)

Court of Civil Appeals of Texas. Beaumont. May 10, 1929.

Rehearing Denied May 15, 1929.

G. E. Richardson, of Jasper, for appellants.

W. F. Goodrich, of Hemphill, for appellee.

HIGHTOWER, C. J. In this case judgment was rendered in the county court of Sabine county in favor of the appellee, the Motors Securities Company, Inc., against appellants for $452.96, with interest thereon and attorney's fees as prayed by the appellee, who was the plaintiff below, and in due time appellants perfected their appeal to this court.

As defendants below, appellants interposed and urged against the suit a plea in abatement based upon the same grounds as was the plea in abatement interposed by the defendants in cause No. 1812, S. G. Dyson et al. v. Motors Securities Co., Inc. (Tex. Civ. App.) 17 S.W.(2d) 141, this day disposed of by written opinion not yet [officially] published. It is agreed in writing by counsel for both sides in this case that the material evidence adduced upon the trial in support of the plea in abatement in the instant case is the same as that found in the record in cause No. 1812, Dyson and others v. Motors Securities Co., Inc., and the contentions advanced by counsel for appellants in this case for reversal are the same as their contentions advanced in the Dyson Case; and these contentions are overruled for the same reasons stated by us in the Dyson Case, and the judgment has been ordered affirmed.

## J. B. MANN et al., Appellants, v. MOTORS SECURITIES CO., Inc., Appellee. (No. 1814.)

Court of Civil Appeals of Texas. Beaumont. May 10, 1929.

Rehearing Denied May 15, 1929.

G. E. Richardson, of Jasper, for appellants.

W. F. Goodrich, of Hemphill, for appellee.

HIGHTOWER, C. J. In this case appellee, the Motors Securities Company, Inc., recovered a judgment against appellants, who were the defendants, for $1,073.16, with interest on that amount and attorney's fees as prayed for by the appellee, and appellants in due time perfected their appeal to this court.

Appellants, as defendants below, sought to abate this suit on the same grounds that were urged by the defendants in cause No. 1812, S. G. Dyson et al. v. Motors Securities Co., Inc., 17 S.W.(2d) 141, this day decided by this court, in which a written opinion was filed but is not yet officially reported. It is agreed by counsel for both sides that the material evidence touching the plea in abatement in this case is the same as the evidence touching the plea in abatement in the Dyson Case, and the judgment of the trial court, in overruling the plea in abatement in the instant case, is challenged on the same grounds as those advanced in the Dyson Case.

We overrule appellants' contentions in this case for the same reason that we overruled the contentions of appellants in the Dyson Case, and have ordered the judgment in this case affirmed.

## BECK v. NELSON et al. (No. 3231.)

Court of Civil Appeals of Texas. Amarillo. May 8, 1929.

Carl Gilliland, of Hereford, for plaintiff in error.

A. A. Ledbetter, of McLean, for defendants in error.

HALL, C. J. F. A. Nelson and J. A. Erickerson filed this suit in the district court of Wheeler county against L. E. Beck, the Citizens' State Bank, and W. H. Moreman, and by a first amended original petition, upon which citation was issued, sought to recover upon a vendor's lien note in the sum of $1,280 providing for interest at 6 per cent. from date and attorney's fees, and to foreclose the vendor's lien upon a certain quarter section of land situated in Wheeler county. Plaintiffs also sought to recover certain sums alleged to have been paid to the state of Texas as interest and taxes.

It is alleged that the bank is claiming some right, title, and interest in the land, and it is made a defendant for that reason.

Citation was issued for the defendants in which the file number of the suit is stated to be 1414. The original petition is also indorsed 1414, but it appears that the correct number of the case on the docket of the court is 1514. Judgment by default was taken against all the defendants, and a writ of error was prosecuted to this court.

The first proposition urged is that the petition is insufficient as against a general demurrer. This proposition must be sustained. The petition fails to allege that the defendants have failed to pay either the note or the other amounts sued for as interest and taxes. In a suit upon a note or other contract, an allegation of nonperformance by the defendant is a necessary requisite. Whitaker v. Record, 25 Tex. Supp. 382; Johnson v. Wise (Tex. Civ. App.) 272 S. W. 296; Hart-Parr Co. v. Paine (Tex. Civ. App.) 199 S. W. 822; Cotton v. Thompson (Tex. Civ. App.) 159 S. W. 455; Carter v. Olive (Tex. Civ. App.) 128 S. W. 478; Brackett v. Devine, 25 Tex. Supp. 195.

Plaintiffs were not entitled to a foreclosure of their equitable liens without an allegation that they were forced to pay the taxes and interest in order to protect their interest in the property and without the further allegation that the amounts so paid by them had not been paid by the defendants.

R. S. art. 2022, states, as one of the requisites of a citation, that it shall give the file number of the suit. The statutory requirements with reference to a citation are uniformly held to be mandatory, and, unless complied with, it is insufficient to support a judgment by default. Where the file number is misstated in the face of the citation, a judgment by default based thereon must be reversed. Houston, E. & W. Tex. Ry. Co. v. Erving, 2 Willson, Civ. Cas. Ct. App. § 122; Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787.

For the reasons stated, the judgment is reversed and the cause is remanded.