TEMPLE LUMBER CO. v. McDANIEL et ux.
(No. 1923.)

Court of Civil Appeals of Texas. Beaumont.
Jan. 15, 1930.

R. E. Minton, of Lufkin, and Minton & Minton, of Hemphill, for plaintiff in error.

Adams & McAlister, of Nacogdoches, for defendants in error.

O'QUINN, J. Defendants in error, M. W. McDaniel and his wife, Ola McDaniel, brought this suit in the district court of Sabine county, Texas, to recover damages in the sum of $1,650, claimed by them against plaintiff in error, which they alleged they suffered by reason of the construction and maintenance by plaintiff in error of a tramroad through their premises, resulting in damage to and destruction of their lands for farm purposes, the purpose for which they used their said premises. Citation was issued June 28, 1928, and commanded the sheriff or any constable of Sabine county to summon "G. S. Smith, secretary and treasurer, Temple Lumber Company, whose principal office is at Pineland, Sabine county, Tex., to be and appear before the honorable district court of Sabine county, Texas, at the next regular term thereof, to be holden at the courthouse in Hemphill, Tex., on the third Monday in September, 1928, same being the 17th day of September, 1928, then and there to answer to the plaintiffs' petition, filed in a suit in said court on the 18th day of April, 1928, wherein M. W. McDaniel et ux. are plaintiffs and Temple Lumber Company is defendant," etc. The citation further commanded the officer serving same, "and you will deliver to said defendant Temple Lumber Company, of which G. S. Smith is secretary and treasurer, each in person a true copy of this citation (together with the accompanying certified copy of plaintiffs' petition). Herein fail not, but have you before said court, on the said first day of the next term thereof, this writ, with your return thereon showing how you have executed the same."

The sheriff's return is: "Came to hand on the 29th day of June, 1929, at —— o'clock —— m., and executed in Sabine county, Texas, by delivering to the within named defendant, in person, a true copy of this citation at the following times and places, to wit:

Date  Time  Place and Course  Mileage
Name  Month  Day  Year  Hour  Min. — M. and distance from courthouse.

~~G. S. Smith~~  7  31  1928

Temple Lumber Co. corporation, by delivering to its secretary G. S. Smith at Pineland, Texas, in the office of the Temple Lumber Co. at 2:30 p. m. on day as aforesaid.

"S. H. Hall, Sheriff, Sabine County, Texas,

"By ——————, Deputy."

No answer was filed by the Temple Lumber Company, nor did it enter its appearance in any wise. March 26, 1929, the case was regularly called for trial, and the defendant not having answered, or in any wise entered its appearance, judgment nil dicit was taken by the plaintiff, and further hearing postponed to April 8, 1929, at which time plaintiffs offered their evidence, and judgment was rendered in their favor against the defendant Temple Lumber Company for $1,650, with 6 per cent. interest on same from that date, and for all costs of suit. The case is before us on writ of error by the Temple Lumber Company.

■ Plaintiff in error's first proposition is that "a citation, in an action against a corporation, which directs the officer to summon an agent of the corporation and not the corporation, is void and will not support a judgment by default without answer or appearance." Article 2022, R. S. 1925, sets forth the requisites of a citation. It says that citations shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and "command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same." The citation herein did not comply with this requirement. As shown supra, it commands the officer to summon G. S. Smith, the secretary and treasurer of the defendant corporation, Temple Lumber Company, to appear and answer. This was not a command to serve the defendant corporation, and will not sustain the judgment by default against the corporation, though served upon the person named as agent. Article 2022, R. S., 1925; Railway v. Rawlins, 80 Tex. 579, 16 S. W. 430; Sun Mutual Ins. Co. v. Seeligson & Co., 59 Tex. 3; Mutual Life Ins. Co. v. Uecker, 46 Tex. Civ. App. 84, 101 S. W. 872; American Citizens' Labor & Protective Institution of Texas v. Henderson (Tex. Civ. App.) 295 S. W. 701; Beck v. Nelson (Tex. Civ. App.) 17 S.W.(2d) 144. The assignment is sustained.

■■ The second proposition is that: "A judgment by default will not be sustained where the citation served does not name all the parties to the suit." This proposition is based upon the statement in the citation that "M. W. McDaniel et ux. are plaintiffs and Temple Lumber Company is defendant." Nowhere in the citation is it stated who McDaniel's wife was; the expression "et ux." is merely used. Article 2022 specifically requires that the citation shall state "the names of all the parties." The provisions of this article are mandatory, and must be complied with. Therefore Mrs. McDaniel, wife of M. W. McDaniel, being a party plaintiff to the suit, must be named as such in the citation. Higgins v. Shepard et ux., 48 Tex. Civ. App. 365, 107 S. W. 79; Bridges v. Hollifield (Tex. Civ. App.) 208 S. W. 756; Beck v. Nelson (Tex. Civ. App.) 17 S.W.(2d) 144; Heath v. Fraley, 50 Tex. 209; Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060; McCaulley v. Bank (Tex. Civ. App.) 173 S. W. 1000; Moran Oil & Gas Co. v. Anderson (Tex. Civ. App.) 223 S. W. 1031. This assignment is sustained.

520

Defendants in error admit that the requirements of article 2022 are mandatory and must be complied with, but they insist that a substantial compliance is sufficient, and that, in the instant case, when the commands of the citation to the serving officer are all considered, together with the return of the officer, that a substantial compliance is shown. We cannot agree to this contention. The citation did not direct the officer to summon the Temple Lumber Company, the defendant, but the command to the officer is to serve G. S. Smith, the secretary and treasurer of the corporation sued, to appear and answer the plaintiffs' suit. Smith is the only one named to make answer. It is true that the citation commanded the officer to "deliver to said defendant, Temple Lumber Company" a true copy of the citation but this was not a command to "*summon*" the defendant, Temple Lumber Company *to be and appear* before the court at the time stated, *then and there to answer the plaintiffs' petition.* The citation under consideration was not a substantial compliance with the law, and the service thereof did not confer on the court from which it issued jurisdiction to render judgment against the company. Railway v. Rawlins, 80 Tex. 579, 581, 16 S. W. 430.

The judgment is reversed, and the cause remanded.