**FORT WORTH LLOYDS v. JOHNSON.**

No. 5039.

Court of Civil Appeals of Texas. Amarillo.
June 12, 1939.

Atwood McDonald, of Fort Worth, for plaintiff in error.

R. D. Oswalt, of Crowell, for defendant in error.

FOLLEY, Justice.

The plaintiff in error, Fort Worth Lloyds, alleged to be an association of underwriters organized under Chapter 19, Title 78, of the Revised Civil Statutes of Texas, Vernon's Ann. Civ. St. art. 5013 et seq., with its office in Tarrant County, Texas, prosecutes this writ of error seeking to reverse a default judgment recovered against it by the defendant in error, George W. Johnson, in the sum of $350.00. The attack made is based on the alleged insufficiency of the citation to support the default judgment. The parties hereafter shall be designated as in the trial court.

George W. Johnson, as plaintiff in the trial court, brought this suit originally against the Trinity Universal Insurance Company to enforce collection of a $350 fire insurance policy upon a Ford Coupe automobile which had been destroyed by fire. Thereafter it developed that the Fort Worth Lloyds had made a loan to the plaintiff in the sum of $100 and in connection therewith had taken a mortgage from Johnson to secure the debt. It was also alleged that Fort Worth Lloyds insured the automobile for its actual value against loss by fire, said policy containing a loss payable clause in favor of Fort Worth Lloyds. By the provisions of the former policy issued by the Trinity Universal Insurance Company recovery thereon was prohibited if at the time of a loss there existed other insurance upon the automobile or if the property was subjected at such time to any lien or mortgage. The plaintiff filed his first amended original petition making Fort Worth Lloyds.

also a party defendant, seeking recovery against such association in the sum of $350 in the event he failed to recover against the Trinity Universal Insurance Company. In this amended petition he alleged that the issuance of the second policy was without his knowledge or consent.

The plaintiff attempted to obtain service upon the defendant, Fort Worth Lloyds, under Article 5021, Vernon's Annotated Revised Civil Statutes of Texas, one of the two methods therein provided for such service being that the summons and process shall be served in duplicate upon the Commissioner of Insurance who, in turn, is required to send one copy by registered mail to the attorney for the underwriters. The county clerk of Hardeman County issued the citation to the sheriff of Travis County, commanding him to summon R. L. Daniel, Chairman of the Board of Insurance Commissioners, to appear at the next regular term of the county court of Hardeman County to answer a suit wherein George W. Johnson was plaintiff and the "Trinity Universal Insurance Company et al., defendants." At no place in the citation proper did the name of the Fort Worth Lloyds appear. The citation recited that the nature of plaintiff's demand was contained in the certified copy of the "original petition" of the plaintiff. The sheriff's return showed service by delivery of two true copies of the citation to the said R. L. Daniel, together with the accompanying certified copies of the "plaintiff's petition."

The defendant, Fort Worth Lloyds, did not file an answer and did not enter an appearance in the suit. The trial court rendered judgment by default in the sum of $350 for the plaintiff against the defendant, Fort Worth Lloyds, but denied the plaintiff any recovery as against the defendant, Trinity Universal Insurance Company, which had filed an answer and entered an appearance in that court. The plaintiff has filed no brief in this court and no complaint is made by him or by the defendant, Fort Worth Lloyds, of the judgment in favor of the Trinity Universal Insurance Company. Such defendant was not made an obligee in Fort Worth Lloyds' supersedeas bond. Therefore, in our disposition of this writ of error the judgment in favor of the Trinity Universal Insurance Company will not be disturbed.

 Although the judgment herein recites service of process upon the defendant, Fort Worth Lloyds, in a direct attack like this upon a default judgment, the usual presumption of proper service will not be indulged from the recitations in the judgment. In such cases the record must otherwise affirmatively show jurisdiction of the defendant. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934, and the authorities therein cited. Article 2022 of the Revised Civil Statutes of 1925 requires that the names of all the parties to the suit must appear in the citation. A citation which fails to comply with this provision, either as to parties plaintiff or defendant, is insufficient to sustain a judgment by default, and this is true even though the petition states the names correctly and a certified copy of it is served with the writ. Battle v. Eddy, 31 Tex. 368; Temple Lumber Co. v. McDaniel et al., Tex.Civ.App., 24 S.W.2d 518; Breechen et ux. v. Wink Independent School Dist., Tex.Civ.App., 89 S.W.2d 293; Moran Oil & Gas Co. et al. v. Anderson et al., Tex. Civ.App., 223 S.W. 1031; 33 Tex.Jur. 821, para. 21. The citation in the instant case nowhere contains the name of the Fort Worth Lloyds, the defendants being referred to merely as "Trinity Universal Insurance Company et al." Such defect, under the above authorities, is fatal to the judgment by default rendered herein.

The citation in question directed the sheriff to summon, not the Fort Worth Lloyds, but R. L. Daniel, to appear and answer this suit. The citation further recites that a certified copy of the "original petition" was thereto attached. If only the original petition was attached to the citation, the insurance commissioner was not apprised that the Fort Worth Lloyds was a party defendant, since such association was not a party in the original petition. The insurance commissioner, therefore, would not have obtained from this process any knowledge as to the correct party to whom he might send the citation by registered mail as directed by Article 5021 mentioned above.

 It is also our opinion that the language of Article 5021, wherein it is provided that summons and process shall be served upon the Commissioner of Insurance, does not imply that he shall be summoned to appear and answer the suit, but that only the process shall be served upon him as the statutory agent of the defendant directing, not him, but the defendant, to appear and answer the suit. We think Article 5021 does not in any way change the provisions of Article 2022 with reference to the requirements of a citation. Article 5021

merely provides other methods of serving a defendant with a copy of the citation containing the requisites provided in Article 2022. The latter article provides that the officer to whom the writ is directed shall be commanded in such writ to "summon the defendant to appear and answer the plaintiff's petition." The citation in this case directing the officer to summon R. L. Daniel, who was not a defendant, was not a compliance with this provision of Article 2022. It is our opinion that this defect in the process was another reason why the trial court was without jurisdiction to render a default judgment against the defendant, Fort Worth Lloyds. Gulf, C. & S. F. Ry. Co. v. Rawlings, 80 Tex. 579, 16 S.W. 430; American Citizens' Labor & Protective Inst. of Tex. v. Henderson, Tex.Civ.App., 295 S.W. 701; Temple Lumber Co. v. McDaniel, et ux., supra; Mutual Life Ins. Co. of New York v. Uecker, 46 Tex.Civ.App. 84, 101 S. W. 872; Texas & Pac. Ry. Co. v. Florence, 4 Willson Civ.Cas.Ct.App. § 38, 14 S. W. 1070; Sun Mutual Ins. Co. v. Geo. Seeligson & Co., 59 Tex. 3; Texas-Mexican Ry. Co. v. Wright et al., Tex.Civ.App., 29 S.W. 1134; International & G. N. R. R. Co. v. Sauls, 2 Willson Civ.Cas.Ct.App. § 242.

From what we have said in regard to the defects in the process herein, it follows that the default judgment of the trial court granting the plaintiff a recovery against the defendant, Fort Worth Lloyds, must be reversed and the cause remanded.

Reversed and remanded.