J. A. BYNUM, as the County Auditor of Houston County, Appellant,

v.

Kenneth DAVIS, a Minor, by Next Friend, et al., Appellees (two cases).

Nos. 13448, 13449.

Court of Civil Appeals of Texas.

Houston.

Aug. 13, 1959.

Rehearing Denied No. 13449 and Rehearing

Granted in Part (No. 13448)
Sept. 17, 1959.

B. R. Reeves, Palestine, Adams & Price, Kennedy & Granberry; F. P. Granberry, Crockett, for appellant.

J. B. Sallas, Crockett, for appellees.

WERLEIN, Justice.

On March 11, 1959, transcripts were filed by appellant in these two separate causes: No. 13,448, purporting to be an appeal from an order of the County Court of Houston County, Texas, overruling and denying a motion in the nature of a bill of review filed December 15, 1958, by appellant, J. A. Bynum, in his capacity as the County Auditor of Houston County, Texas, and also in his individual capacity as a taxpaying citizen of said county, and as a representative of all others in said county who are tax-paying citizens, to set aside a default judgment taken in said cause in which he had not been made a party; and No. 13,449, being an appeal from a judgment of mandamus entered by the same Court in favor of appellees against appellant in his official capacity as Auditor of Houston County, Texas. Counsel for appellant and appellees in both causes have requested this Court to enter an order requiring that both cases be treated as one for the purpose of briefing, and that the Statement of Facts filed in No. 13,449 be deemed filed in No. 13,448. This we cannot do. Appellant failed to file an appeal bond in Cause No. 13,448, and hence no appeal has

been perfected therein. Since this Court is required to take notice of such fact, said appeal is dismissed for want of jurisdiction. Rule 363, Texas Rules of Civil Procedure.

In Cause No. 13,449, Kenneth Davis, a minor, by his next friend, M. O. Davis, joined by Lloyd Lovell, for formal reasons only, in his official capacity as Sheriff of Houston County, Texas, sued appellant, J. A. Bynum, in his official capacity as County Auditor of Houston County, to mandamus him to approve a voucher in the amount of $250 issued and made payable to appellee, Kenneth Davis, in full and complete satisfaction of a default judgment in such amount taken on October 27, 1958, by said minor against Houston County and the Commissioners' Court of Houston County in the County Court of Houston County in said Cause No. 13,448 (No. 2894 in the County Court).

Appellant alleged in defense of this mandamus proceeding that the default judgment taken in Cause No. 13,448 was void for the reason, among others, that the Court in such cause never acquired jurisdiction of either of the defendants.

After both parties had rested, the Court, on appellee's motion, withdrew the case from the jury and decreed that a peremptory writ of mandamus issue directing and commanding appellant, in his capacity as County Auditor of Houston County, Texas, to approve said voucher in the amount of $250, payable to appellee, Kenneth Davis, in full and complete satisfaction of said judgment rendered October 27, 1958. From such judgment appellant has perfected his appeal.

Appellant asserts in his 4th Point that the judgment of October 27, 1958, was void for the reason that the only citation issued therein was not addressed to the defendant and therefore the Court never acquired jurisdiction over any party to such action.

■■ Appellees pleaded and introduced in evidence the judgment upon which they rely, in favor of appellee, Kenneth Davis, against Houston County and the Commissioners Court of Houston County. The judgment recites that "though duly served with process, the said defendant, as at all times heretofore, failed to answer in this behalf but wholly made default." It does not recite service of process upon either of the defendants by name. The citation and return show affirmatively that there was no such service. The citation which was introduced in evidence is addressed only to "County Judge, et al." It is not addressed to Houston County nor to the Commissioners' Court of Houston County. The Sheriff's return shows that the citation was executed by delivering a copy of the citation together with a copy of the plaintiff's petition to Judge Albert K. Daniel. Although the petition in said Cause named the parties, the citation was still insufficient. Fort Worth Lloyds v. Johnson, Tex.Civ. App.1939, 129 S.W.2d 1157 no writ history.

Rule 101, T.R.C.P., provides, among other things, that "The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear by filing a written answer * * *." This provision is mandatory. The failure to comply with such provision rendered the judgment in question vulnerable and subject to being set aside on direct attack. See Carborundum Co. v. Keese, Tex.Civ. App.1958, 313 S.W.2d 332, in which it was held that where the citation was directed to the agent of a company there was no valid service upon the company to support a default judgment, and that the requirement that citation shall be directed to the defendant is mandatory. See also Fort Worth Lloyds v. Johnson, supra; Temple Lumber Co. v. McDaniel, Tex.Civ.App. Beaumont 1930, 24 S.W.2d 518; Brecheen v. State, Tex.Civ.App. El Paso 1936, 89 S.W. 259.

■ The answer of appellant in defense of the present suit for mandamus does not constitute a direct attack upon the default judgment rendered in Cause No. 13,-448. He is sued and answers herein only in

his official capacity as Auditor of Houston County, Texas. He was not a party to Cause No. 13,448 in any capacity although he did file therein said motion in the nature of a bill of review, which we cannot consider. Ordinarily a person not a party to a suit may not directly attack a judgment rendered in such suit. Estey & Camp v. Williams, 63 Tex.Civ.App. 323, 133 S.W. 470, writ denied. The judgment entered in said Cause No. 13,448 is regular and valid on its face. The recital in such judgment, which was the last act of the Court in the case, reciting that the defendant was "duly served with process," imports in a collateral proceeding such as this, absolute verity. Treadway v. Eastburn, 1882, 57 Tex. 209. In Switzer v. Smith, Tex.Com. App.1927, 300 S.W. 31, 33, 68 A.L.R. 377, the court said:

> "Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack the recitation of due service in the judgment proper is conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity. Martin v. Burns, 80 Tex. 676, 16 S.W. 1072; Gibbs v. Scales, 54 Tex.Civ.App. 96, 118 S.W. 188 (writ refused); Chapman v. Kellogg (Tex.Com.App.) 252 S.W. 151; Borders v. Highsmith (Tex.Civ.App.) 252 S.W. 270; Mariposa Mining Co. v. Waters (Tex.Civ.App.) 279 S.W. 576; Gillette's Estate v. State (Tex.Civ. App.) 286 S.W. 261; Barton v. Montex Corp. (Tex.Civ.App.) 295 S.W. 950."

See also Bemis v. Bayou Development Company, 184 S.W.2d 645, writ refused; Kimbrough v. Neill, Tex.Civ.App.1953, 256 S.W.2d 202, refused, n. r. e. Appellant's 4th Point is therefore overruled.

■ Appellant's Points with respect to the alleged invalidity of the budget amendment because of its failure to make funds available with which to pay the claim in question, the county's lack of funds as well as lack of anticipated revenues, the alleged waiver of appellees' claim and their failure to furnish a withholding tax certificate, are all overruled. They relate to defenses that could have been asserted by the county in Cause No. 13,448, had it desired to defend that suit. If we assume such defenses might have rendered appellees' claim invalid, such invalidity would not make the judgment rendered thereon invalid or subject to collateral attack. The law is well settled that a judgment appearing to be valid on its face and rendered by a court having jurisdiction of the subject matter of the suit and person of the defendant, cannot be collaterally attacked by evidence dehors the record. If any possible state of facts would support it, it is not void, and it cannot be questioned collaterally in a proceeding to enforce it by mandamus. City of Sherman v. Langham, 1897, 92 Tex. 13, 42 S.W. 961, 39 L.R.A. 258.

■ Appellant's 3rd Point, asserting that the Court was not authorized to enter the default judgment upon the claim sued upon, is overruled. The general rule is that in the absence of special statutes, general rules governing judgments apply in actions by or against counties. 20 C.J.S. Counties § 335, p. 1295. We have not found any Texas statute prohibiting the entry of a default judgment against a county, nor have we been cited to or found any Texas case holding that a default judgment as a matter of law may not be taken against a county. Further, there would seem to be no good reason why a default judgment may not be taken against a county in a proper case where the county has failed to answer after being duly served with process. See Washington County v. Porter, 1900, 128 Ala. 278, 29 So. 185. But regardless of that, this Court cannot on appellant's collateral attack of the default judgment in question, look into the merit or lack of merit of appellees' claim, nor determine whether or not the trial court erred in

permitting a default judgment to be taken against the county on such claim.

Appellant's last Point, asserting that appellant was never asked to take any steps toward payment of the default judgment is without merit. The County Judge testified that the claim was approved by the Commissioners' Court and that he personally attached a copy of the judgment to the claim and that the same was attached to the voucher when it left the Commissioners' Court. Appellant testified that he knew appellees had obtained a judgment and that he would not approve a voucher to satisfy the same. When requested to approve the voucher during the mandamus hearing he testified that he would not do so.

Judgment affirmed.

### On Rehearing

Appellant has attached to his motion for rehearing a photostatic copy of the appeal bond filed in Cause No. 13,448, which, he states, was inadvertently omitted from the transcript in such cause. Said bond is now before us duly certified by the County Clerk of Houston County and it will be considered as a part of the transcript. The order of this Court dismissing the appeal in said cause for want of jurisdiction is, therefore, set aside, and the joint request of the parties that the briefs and statement of facts be treated as filed in both causes is granted.

Appellant's so-called motion in the nature of a bill of review constitutes a direct attack upon the default judgment rendered in said cause on October 27, 1958, in favor of appellee in the sum of $250 for services rendered the county. In his bill of review filed December 15, 1958, he sues in the capacities stated in our opinion of August 13, 1959, and prays that said judgment be set aside and that a judgment be entered that appellee take nothing. The appeal in Cause No. 13,448 is from the Court's final decree entered January 31, 1959, denying appellant's motion in the nature of a bill of review.

Appellant was not a party to said Cause No. 13,448, in any capacity whatever. We must, therefore, determine whether appellant has alleged or shown any facts or circumstances giving him the right to prosecute said bill of review. Ordinarily where the party to an action makes no objection to a judgment rendered against him, a third person will not be permitted to intermeddle with it by means of a proceeding in equity to set aside such judgment or to obtain relief therefrom. There are some cases in which relief in equity may be granted to a person not a party to the judgment, where he has an interest and his rights are directly affected by such judgment. For example, in Seeds v. Seeds, 116 Ohio St. 144, 156 N.E. 193, 52 A.L.R. 761, the court held that relief against the judgment may be secured by the next of kin or heirs who have been deprived of their intestate share of property by such judgment. It was held, however, in Davies v. De Lair, 148 Neb. 395, 27 N.W.2d 628, that a sheriff who served the summons in a suit, but was not a party thereto, is not entitled to equitable relief against the judgment rendered therein on the ground that his return was voluntarily amended, where there could be no possible injury to the rights of such sheriff.

In Carlton v. Hoff, Tex.Civ.App., 292 S. W. 642, 647, it was stated "It is elementary that a third person who is not affected by a judgment cannot attack it." It was held in that case that a garnishee is a stranger to the judgment in favor of a plaintiff against a defendant and has no right to defend a writ of garnishment against him on the ground of the dormancy of the judgment on which it is based.

See also Kieke v. Cox, 300 S.W.2d 309, in which the San Antonio Court of Civil Appeals said, "A direct attack on a judgment can only be maintained by a party thereto or by some party who has a then existing interest or right which was prejudiced thereby."

In Craycroft v. Craycroft, 250 S.W.2d 458, writ ref., n. r. e., the Dallas Court of

Civil Appeals approved the holding in Estey & Camp v. Williams, 63 Tex.Civ.App. 323, 133 S.W. 470, 472, in which a writ was refused. The court in the latter case quoted Freeman on Judgments, § 91 (5th Ed., § 258) as follows:

"'As a general rule, none but the parties to a judgment can have it set aside. Every litigant, if an adult, is presumed to understand his own interests, and to be fully competent to protect them in the courts. He has the the right to waive all irregularities in proceedings by which he is affected, and is entitled to exclusively decide upon the propriety of such waiver. To allow disinterested third persons to interpose in his behalf and to undertake the management of his business according to their judgment would create intolerable confusion and annoyance, and produce no desirable result. To permit third persons to become interested after judgment, and to overturn adjudications to which the original parties made no objection, would encourage litigation and disturb the repose beneficial to society. Therefore, if the defendant be the real, as well as the nominal, party affected, as long as he is satisfied with the judgment, all other persons must be. * * *'"

and § 513 as follows:

"'No person will be permitted to proceed in equity against a judgment or decree to which he is not a party, and which does not at its rendition affect any of his rights. If the parties to an adjudication are satisfied with it, no outside persons will be permitted to intermeddle with it, at law or in equity.'"

See also 49 C.J.S. Judgments § 293, p. 540; Vol. 30–A Amer.Jur., p. 706, § 760.

In the present case, it is not alleged, nor does it anywhere appear, that a decree setting aside the default judgment would redound in any way to the advantage of appellant in any of the capacities in which he has brought his bill of review. The County Judge and Commissioners are the proper representatives of the county. It appears that they knew of the suit, their attention having been called thereto by the County Attorney, and they intentionally permitted a default judgment to be taken therein. The county as a party-defendant might maintain a suit to set aside such judgment, unless, having stood by with full knowledge that such judgment was being entered, it waived such right. The county, however, has taken no steps to set aside such judgment and the record indicates that the county is not in any manner dissatisfied therewith. There is nothing in the bill or the evidence to show fraud or collusion on the part of the County Judge and Commissioners or that they were not thoroughly competent to take care of the affairs of the county and defend suits against it. Appellant as County Auditor has not alleged or shown wherein the judgment in any way affected or prejudiced him, nor has he alleged or shown any interest or right that would authorize or permit him as County Auditor to represent the county and attack said judgment. He has also failed to allege or establish in any manner that he or any other taxpaying citizen will be injuriously affected or prejudiced by such judgment, or that they or any of them have any interest or right which will be affected by payment of said judgment. There is no pleading or evidence to the effect that appellant or the class he is undertaking to represent will be deprived of rights possessed by them, or that the judgment will result in any additional assessment or payment of taxes, or in any other way prejudice appellant or said class as taxpayers. Moreover, his motion does not contain any allegations with respect to his right to represent such class, nor state any reasons warranting such purported class action or allege any relief sought to be obtained by them from setting aside said judgment.

We have concluded that since appellant is a stranger to the record in Cause No.

13,448 and not in privity with any party thereto, and further, since he has failed to show that he would be benefited in any way by the setting aside of the judgment in question, or that his rights have been or will be injuriously affected or prejudiced thereby, he is not in a position·to maintain said bill. See also McGhee v. Romatka, 18 Tex.Civ.App. 436, 44 S.W. 700; Foster v. Mansfield, C & L M R Co., 146 U.S. 88, 13 S.Ct. 28, 36 L.Ed. 899.

The decree of the Trial Court in overruling and denying appellant's motion in the nature of a bill of review in Cause No. 13,448 is affirmed, and appellant's motion for rehearing in Cause No. 13,449 is denied.

Former Judgment in cause No. 13,448 vacated, set aside and annulled, motion for rehearing in cause No. 13,449 overruled.