**STAFFORD CONSTRUCTION COMPANY, INC., Plaintiff in Error,**

v.

**Burt MARTIN, Sr. and Burt Martin, Jr., Defendants in Error.**

**No. 6476.**

Court of Civil Appeals of Texas, El Paso.

Dec. 3, 1975.

Shafer, Gilliland, Davis, Bunton & McCollum, Elton Gilliland, Ray Stoker, Odessa, for plaintiff in error.

Clifford, Sims & Kidd, John C. Sims, Richard Hubbert, Lubbock, for defendants in error.

OPINION

OSBORN, Justice.

This is an appeal by Writ of Error from a default judgment. The judgment is reversed and the cause remanded for a trial on the merits.

Burt Martin, individually and as next friend for Burt Martin, Jr., alleged that on November 9, 1974, his son sustained severe personal injuries in a two-vehicle accident on State Highway 83 between Seagraves

and Denver City, Texas. He alleged that at the accident site, the highway was under construction and that Stafford Construction Company, Inc., who was doing the construction and repair work, was negligent and that such negligence was a proximate cause of the accident and injuries sustained by his son, for which he sought substantial damages. The petition alleged that service of process could be had upon Robert H. Stafford, the registered agent of the defendant corporation. Citation which was issued in this case stated in part:

"CITATION

"THE STATE OF TEXAS

"To    Robert H. Stafford
       Registered Agent for
       Stafford Construction Company, Inc.
       1603 13th St
       Lubbock, Texas

"Defendant, in the hereinafter styled and numbered cause:

"You are hereby commanded to appear before the 106th District Court of Gaines County, Texas, to be held at the courthouse of said County in the City of Seminole, Gaines County, Texas, by filing a written answer to the petition of plaintiff * * * ".

It was duly served on April 20, 1975.

█ No answer was filed and on May 20, 1975, the trial Court entered a default judgment. On July 7, 1975, a Petition for Writ of Error was filed in the trial Court and all necessary procedures have been taken to invoke our appellate jurisdiction to review such judgment. This remedy brings before the appellate court the whole case for the review of errors properly assigned, and it is not necessary that Plaintiff in Error excuse its failure to defend the case in the trial Court or to show that it has a meritorious defense. *Benthall v. Goodwin*, 498 S.W.2d 510 (Tex.Civ.App.—El Paso 1973, no writ); *Middlemas v. Wright*, 493 S.W.2d 282 (Tex. Civ.App.—El Paso 1973, no writ).

By its first point of error, Stafford Construction Company, Inc. contends that the citation was defective because it was directed not to the defendant in the trial Court, but to an alleged agent, and the citation actually commanded answer by such agent, not the named defendant.

Prior to the adoption of the Rules of Civil Procedure, Article 2022 provided that "Citations shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and command him to summon the defendant to appear and answer * * * ". Now Rule 101, Tex.R.Civ.P., provides that the citation " * * * shall be directed to the defendant and shall command him to appear * * * ".

In every case with which we are familiar, the court has held that a citation directed to an agent of the defendant rather than to the defendant itself is defective. In *Texas & Pac. Ry. Co. v. Florence*, 14 S.W. 1070 (Tex.App.1889), the citation commanded the sheriff to "summon Will Montague, acting agent of the Texas and Pacific Railroad Company;". The appellate court held that while the citation may be served upon the local agent, that citation, or the command, must be to summon the corporation, and not its agent, and therefore held that it was error to overrule a motion to quash said citation.

That same court in a writ of error case in *Mutual Life Ins. Co. of New York v. Uecker*, 46 Tex.Civ.App. 84, 101 S.W. 872 (1907, no writ), had before it a citation which commanded the officer to "summon Edwin Chamberlain, agent of the Mutual Life Insurance Company of New York * * * ". In reversing the default judgment, the court said:

"* * * The citation did not direct the officer to summon the Mutual Life Insurance Company, the defendant in the case, but directed that a person alleged in the petition to be the agent of the defendant should be summoned. This was not a compliance with the statute, which required the citation to command the offi-

cer to summon the defendant to appear and answer the plaintiff's petition, and hence the citation in this case did not confer jurisdiction on the court below to render the judgment by default against the plaintiff in error. (Cases cited)."

A default judgment was again attacked in *American Citizens' Labor & Protective Inst. of Texas v. Henderson,* 295 S.W. 701 (Tex.Civ.App.—Texarkana 1927, no writ), where the citation issued by the clerk directed the sheriff or any constable " * * to summon the commissioner of insurance of the state of Texas to be and appear * * *." In reversing the default judgment, the court said:

"The judgment rendered is assailed in this appeal upon the ground that the trial court did not have jurisdiction of the person of the plaintiff in error because the citation issued was void. It will be observed that it commanded the sheriff to summon the commissioner of insurance, who, presumably, was made the agent or attorney of the plaintiff in error, upon whom process of this character might be served. We are of the opinion that a citation which directs the sheriff to summon the agent to appear and answer in a suit is not sufficient to give the court jurisdiction to render a judgment by default against the principal."

Writ of error served as the basis for the appeal from a default judgment in *Temple Lumber Co. v. McDaniel,* 24 S.W.2d 518 (Tex.Civ.App.—Beaumont 1930, no writ). In that case, the citation commanded the sheriff or any constable to summon "G. S. Smith, secretary and treasurer, Temple Lumber Company, whose principal office is at Pineland, Sabine county, Tex., to be and appear before the honorable district court of Sabine county, Texas, * * *." In reversing the default judgment, the appellate court said:

"Plaintiff in error's first proposition is that 'a citation, in an action against a corporation, which directs the officer to summon an agent of the corporation and not the corporation, is void and will not

support a judgment by default without answer or appearance.' Article 2022, R.S. 1925, sets forth the requisites of a citation. It says that citations shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and 'command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same.' The citation herein did not comply with this requirement. As shown supra, it commands the officer to summon G. S. Smith, the secretary and treasurer of the defendant corporation, Temple Lumber Company, to appear and answer. This was not a command to serve the defendant corporation, and will not sustain the judgment by default against the corporation, though served upon the person named as agent. Article 2022, R.S.1925; *Railway v. Rawlins,* 80 Tex. 579, 16 S.W. 430; *Sun Mutual Ins. Co. v. Seeligson & Co.,* 59 Tex. 3; *Mutual Life Ins. Co. v. Uecker,* 46 Tex.Civ.App. 84, 101 S.W. 872; *American Citizens' Labor & Protective Institution of Texas v. Henderson* (Tex. Civ.App.), 295 S.W. 701; *Beck v. Nelson* (Tex.Civ.App.), 17 S.W.2d 144. The assignment is sustained."

All of the cases which have been decided since the adoption of Rule 101, Tex.R.Civ.P., have reached the same results as those decided under the pre-existing statute concerning the issuance of citation. In *Carborundum Company v. Keese,* 313 S.W.2d 332 (Tex.Civ.App.—Amarillo 1958, writ ref'd n. r. e.), citation was directed to Jim Allison, agent of the defendant. In reversing the default judgment, the Court said:

" * * * Rule 101, T.R.C.P. states: 'The citation shall be styled "The State of Texas" and shall be directed to the defendant * * *.' We think where it is stated *shall* that it is mandatory. Consequently, it is necessary that the citation shall be styled 'The State of Texas' and it must be directed *to* the defendant. The rule does not state to the defendant or his agent."

In *Bynum v. Davis,* 327 S.W.2d 673 (Tex. Civ.App.—Houston 1959, no writ), the court considered a default judgment against Houston County and the Commissioners Court of Houston County in which citation was addressed only to "County Judge, et al.". In passing on such a citation, the court said:

"Rule 101, T.R.C.P., provides, among other things, that 'The citation shall be styled "The State of Texas" and shall be directed to the defendant and shall command him to appear by filing a written answer * * *.' This provision is mandatory. The failure to comply with such provision rendered the judgment in question vulnerable and subject to being set aside on direct attack."

We can only conclude that the citation directed to an alleged agent of the defendant and which commanded him to appear and answer was defective, and in a direct attack by Writ of Error such citation will not support a default judgment against the named defendant. The first point of error is sustained.

The Plaintiff in Error presents several other points of error, some of which appear to have merit. But in view of our disposition of the first point of error, there is no need to pass upon the other points since they do not raise issues which are likely to reoccur in a trial upon the merits.

The judgment of the trial Court is reversed and the cause remanded to the trial Court.