Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

                                                          No. 11-05-00172-CV 

                                                    __________

 

                     ELECTRIC MOBILITY CORPORATION, Appellant

                                                             V.

                                         JOYCE
INGRAM, Appellee 

 



 

                                          On
Appeal from the 90th District Court

                                                       Stephens
County, Texas

                                                   Trial
Court Cause No. 28,408

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This appeal arises from a bill of review
proceeding.  Electric Mobility
Corporation (Electric Mobility) seeks to set aside a no-answer default
judgment.  After conducting a preliminary
hearing, the trial court entered an order dismissing Electric Mobility=s bill of review.  We reverse and remand.

                                                               Background
Facts

On February 26, 2002, Joyce Ingram filed a
products liability action against Electric Mobility.  She alleged that a defect in an electric
scooter manufactured by Electric Mobility caused a fire which destroyed her
home.  Electric Mobility acknowledges
that its registered agent for service was served with citation on August 26,
2002.  However, Electric Mobility did not
file an answer.  The  trial court entered a default judgment
against Electric Mobility on October 28, 2002, in the amount of $600,000.[1]   








Electric Mobility filed the underlying bill of
review proceeding on September 10, 2003. 
It alleged that it had no notice of the products liability action until
it received postjudgment discovery from Ingram on April 23, 2003.  At Electric Mobility=s
request, the trial court conducted a preliminary hearing under the procedures
outlined in Baker v. Goldsmith, 582 S.W.2d 404 (Tex. 1979).  The trial court subsequently entered an order
dismissing Electric Mobility=s
request to set aside the default judgment.

                                                                 Appellate
Issues

Electric Mobility raises two issues on
appeal.  In its first issue, Electric
Mobility contends that the default judgment should be set aside because of
deficiencies in the citation and return of service.  See Tex.
R. Civ. P. 99, 107.  Electric
Mobility asserts in its second issue that the trial court erred in determining
that the default judgment was proper because Electric Mobility=s registered agent for service had
actual notice of the suit.[2]   Ingram argues that the trial court did not
err in dismissing the bill of review proceeding because Electric Mobility
failed to pursue an available legal remedy prior to pursuing the bill of
review.  Ingram also asserts that
Electric Mobility failed to perfect service of its bill of review petition on a
proper party.

                                                              Standard
of Review








The grant or denial of a bill of review will not
be disturbed unless it is affirmatively shown that there was an abuse of
judicial discretion. Interaction, Inc. v. State, 17 S.W.3d 775, 778
(Tex. App.CAustin
2000, pet. denied).  A trial court abuses
its discretion if it acts without reference to any guiding rules or principles
or acts in an arbitrary or unreasonable manner. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985).  When reviewing matters committed to a trial
court=s
discretion, an appellate court may not substitute its own judgment for the
trial court=s
judgment.   Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992).  Nor may a
reviewing court set aside the trial court=s
determination unless it is clear from the record that the trial court could
only reach one decision.  Id. at
840. Our review of a trial court=s
determination of the legal principles controlling its ruling is much less
deferential.  Id.  A trial court has no discretion in
determining what the law is or applying the law to the facts.  Id. 
Thus, a clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion.  Id.

                                                         Bill
of Review Proceedings

A bill of review is an equitable proceeding
brought by a party seeking to set aside a prior judgment that is no longer
subject to challenge by a motion for new trial or appeal. Caldwell v.
Barnes, 154 S.W.3d 93, 96 (Tex. 2004)(Caldwell II); Goldsmith, 582
S.W.2d at 406.  Bill of review plaintiffs
must ordinarily plead and prove (1) a meritorious defense to the underlying
cause of action (2) which the plaintiffs were prevented from making by the
fraud, accident or wrongful act of the opposing party or official mistake (3)
unmixed with any fault or negligence on their own part. Caldwell II, 154
S.W.3d at 96; Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998)(Caldwell
I); Goldsmith, 582 S.W.2d at 406-08. 
Bill of review plaintiffs claiming non‑service, however, are
relieved of two elements ordinarily required to be proved in a bill of review
proceeding. Caldwell II, 154 S.W.3d at 96; Caldwell I, 975 S.W.2d
at 537.  First, if a plaintiff was not
served, constitutional due process relieves the plaintiff from the need to show
a meritorious defense.  Peralta v.
Heights Med. Ctr., Inc., 485 U.S. 80, 86‑87 (1988); Caldwell II, 154
S.W.3d at 96-97; Caldwell I, 975 S.W.2d at 537.  Second, the plaintiff is relieved from
showing that fraud, accident, wrongful act or official mistake prevented the
plaintiff from presenting such a defense. 
Caldwell II, 154 S.W.3d at 97; Caldwell I, 975 S.W.2d at
537.

Bill of review plaintiffs alleging they were not
served, however, must still prove that the judgment was rendered unmixed with
any fault or negligence of their own.  Caldwell
II, 154 S.W.3d at 97; Caldwell I, 975 S.W.2d at 537.   This third and final element is conclusively
established if the plaintiff can prove that he or she was never served with
process.  Caldwell II, 154 S.W.3d
at 97; Caldwell I, 975 S.W.2d at 537.  
An individual who is not served with process cannot be at fault or
negligent in allowing a default judgment to be rendered.  Caldwell II, 154 S.W.3d at 97.  Proof of non‑service, then, will
conclusively establish the third and only element that bill of review
plaintiffs are required to prove when they are asserting lack of service of
process as their only defense.  








Under the procedures outlined in Goldsmith,
a bill of review plaintiff is required, as a pretrial matter, to present prima
facie proof of a meritorious defense to the underlying cause of action. 582
S.W.2d at 408.  This requirement is
dispensed with when the plaintiff is claiming lack of service of process.  Caldwell II, 154 S.W.3d at 97.  When a plaintiff claims lack of service, the
trial court should (1) dispense with any pretrial inquiry into a meritorious
defense, (2) hold a trial, at which the bill of review plaintiff assumes the
burden of proving that the plaintiff was not served with process, thereby
conclusively establishing a lack of fault or negligence in allowing a default
judgment to be rendered, and (3) conditioned upon an affirmative finding that
the plaintiff was not served, allow the parties to revert to their original
status as plaintiff and defendant with the burden on the original plaintiff to
prove his or her case.  Id. at
97-98.

                                                                        Analysis

We note at the outset that the proceedings which
occurred in the trial court differ from the procedures outlined in Caldwell
II.   Although Electric Mobility
claims a lack of proper service, the trial court conducted a preliminary
hearing on the bill of review request. 
Electric Mobility requested the preliminary hearing by filing a written
request for the trial court to conduct a preliminary hearing under Goldsmith.  At the invitation of Electric Mobility=s trial counsel, the trial court
considered the merits of Electric Mobility=s
non-service contention at the preliminary hearing.  The trial court dismissed the bill of review
proceeding based upon its determination that Electric Mobility had not
established its lack of service claim. 
Accordingly, we must determine if the trial court erred by rejecting
Electric Mobility=s lack of
service contention at the preliminary hearing. 


Prior to addressing the merits of Electric
Mobility=s
complaints, we address the arguments advanced by Ingram for upholding the trial
court=s
dismissal of the bill of review proceedings. 
Ingram first argues that AElectric
Mobility has not shown continuous due diligence to perfect service from the
date of the filing of the Bill of Review. . . . Electric Mobility has never
perfected service of its Bill of Reviews on Judgment Plaintiff, Joyce Ingram, a
proper representative of her estate, or any of her heirs.@[3]  (emphasis in original)  However, an answer was filed on Ingram=s behalf in the bill of review
proceeding.  Under Tex. R. Civ. P. 121, the filing of an
answer constitutes an appearance of a defendant and dispenses with the
necessity for the issuance or service of citation.








Ingram additionally contends that Electric
Mobility failed to pursue an available legal remedy prior to filing the bill of
review.  Ordinarily, a person must
exercise due diligence to avail himself of all adequate legal remedies against
a former judgment before filing a bill of review.  Caldwell I, 975 S.W.2d at 537.  The trial court signed the default judgment
on October 28, 2002.  Electric Mobility
alleges in its bill of review petition that it did not become aware of either
the products liability action or the default judgment until April 23, 2003.  Ingram argues that Electric Mobility failed
to explain why it did not pursue a restricted appeal even though it became
aware of the default judgment within six months of its entry.  See Tex.
R. App. P. 26.1(c), 30.  Ingram=s argument fails as a matter of law
under the supreme court=s
holding in Gold v. Gold, 145 S.W.3d 212 (Tex. 2004), wherein the court
held that the filing of a restricted appeal is not a prerequisite to filing a
bill of review.

                                                              Defective
Citation?

Electric Mobility attached a copy of the citation
from the products liability action to its bill of review petition.  Electric Mobility contends that the citation
was defective because it was directed to ARalph
Stanthin@ rather
than AElectric
Mobility Corporation.@[4]  The citation provided in relevant part as
follows:  

                                                         CITATION

THE STATE OF TEXAS

 

TO:      RALPH STANTHIN

REGISTERED
AGENT FOR ELECTRIC MOBILITY CORPORATION 24015 AYSCAUGH LANE

KATY, TEXAS 77493

 

DEFENDANT(S)
IN THE HEREAFTER STYLED AND NUMBERED CAUSE.[5]

 








A bill of review is a direct attack on a judgment.
McEwen v. Harrison, 345 S.W.2d 706, 709 (Tex. 1961).  In any direct attack on a judgment, there is
no presumption in favor of valid issuance, service, or return of citation. Primate
Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).  To uphold a default judgment on direct
attack, the record must reflect strict compliance with the rules of civil
procedure governing service of citation. Id. at 152; McKanna v.
Edgar, 388 S.W.2d 927, 929-30 (Tex. 1965).  If strict compliance is not affirmatively
shown, the service of process is invalid and has no effect.  Uvalde Country Club v. Martin Linen Supply
Co., 690 S.W.2d 884, 885 (Tex. 1985). When a judgment is directly attacked
and strict compliance is required, actual receipt of service is
immaterial.  Wilson v. Dunn, 800
S.W.2d 833, 837 (Tex. 1990). 

The El Paso Court of Appeals addressed an almost
identically worded citation in Stafford Construction Co. v. Martin, 531
S.W.2d 667 (Tex. Civ. App.CEl
Paso 1975, no writ).  The petition in Stafford
named AStafford
Construction Company, Inc.@
as the defendant.  531 S.W.2d at
668.  The citation at issue in Stafford
provided as follows: ATo
Robert H. Stafford, Registered Agent for Stafford Construction Company, Inc. .
. . Defendant in the hereinafter styled and numbered cause[.]@

Id.  The court held that the citation was
defective to confer service on Stafford Construction Company, Inc. because the
citation was directed to Robert H. Stafford. 
Id. at 670.

We conclude that the holding in Stafford is
applicable to the citation at issue in this appeal.  Tex.
R. Civ. P. 99(b)(8) requires citations to Abe
directed to the defendant.@  As was the situation in Stafford, the
citation at issue was directed to an agent of Electric Mobility rather than
Electric Mobility itself.  Accordingly,
the record does not reflect strict compliance with the requirement that
citation be directed to the defendant. 
The fact that Electric Mobility=s
registered agent may have had actual notice of the action is of no
consequence.  The supreme court has
repeatedly held that a party who becomes aware of proceedings without proper
service of process has no duty to participate in them.  Caldwell II, 154 S.W.3d at 97 n.1; Wilson,
800 S.W.2d at 836.

                                                                     Disposition

Given the record before it, the trial court abused
its discretion by dismissing Electric Mobility=s
bill of review, claiming a lack of proper service in the products liability
action.  Electric Mobility=s first and second issues are
sustained.  








In addition to asking for the trial court=s dismissal of the bill of review
proceeding to be reversed, Electric Mobility asks this court to take the
further step of setting aside the default judgment.  Electric Mobility contends that this relief
is appropriate because the record establishes that the default judgment was
void as a matter of law.  We conclude
that the procedural posture of this case prevents us from rendering a judgment
setting aside the default judgment.  The
only proceedings which have occurred in the trial court are a preliminary
hearing.  Electric Mobility only
presented its request for the trial court to set aside the default judgment
orally at the preliminary hearing.[6]  The holding in Caldwell II indicates
that the question of proper service in a bill of review proceeding is a matter
to be resolved at trial rather than at a preliminary hearing.  154 S.W.3d at 97-98.  Accordingly, it is necessary for the bill of
review proceeding to be remanded to the trial court so that the service issue
can be fully developed.[7]

                                                               This
Court=s Ruling

The trial court=s
order dismissing the bill of review is reversed, and the cause is remanded.

 

TERRY McCALL

JUSTICE

March 9, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]The judgment awarded Ingram $200,000 in compensatory
damages and $400,000 in exemplary damages.





[2]The trial court did not make formal findings of fact
and conclusions of law in its order of dismissal.  The trial court indicated in its order of
dismissal that the default judgment was not invalid because of the registered
agent=s actual receipt of the citation.





[3]Ingram apparently died after Electric Mobility filed
the bill of review proceeding.  Irrespective
of this fact, the record indicates that Ingram remains a party to this appeal.





[4]Ralph Santhin was Electric Mobility=s registered agent for service.  The citation=s
misidentification of Santhin as AStanthin@ is not an issue in this appeal.





[5]The completed Areturn of
service@ portion of the citation reads in relevant part as
follows:

 

                                                                 OFFICER/AUTHORIZED
PERSON RETURN

 

Came to hand
at 11:17 o=clock A.M., on the 20 day of August 2002.  Executed at (address) 17423 Katy Freeway
Houston, Texas 77094 in Harris County at 11:04 o=clock
A.M. on the 26 day of August, 2002, by delivering to Ralph Stanthin defendant,
in person, a true copy of this Citation together with the accompanying 1
copy(ies) of the PLAINTIFF=S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE attached
thereto.  (emphasis added)





[6]Electric Mobility=s trial
counsel made the following announcement at the beginning of the preliminary
hearing: AYour Honor, we have filed a motion for a preliminary
hearing, but we would ask that the Court go ahead and set aside the default and
grant the Bill of Review.@





[7]To the extent that Electric Mobility contends that the
default judgment should be set aside as a matter of law, it would appear that a
motion for summary judgment would be an appropriate vehicle for presenting this
contention to the trial court.