**DALLAS CENTRAL APPRAISAL DISTRICT and Appraisal Review Board of Dallas County, Texas, Appellants,**

v.

**Gregory Scott CUNNINGHAM, Appellee.**

**No. 05–04–00803–CV.**

Court of Appeals of Texas, Dallas.

April 29, 2005.

Donald W. Hicks, Sr., Evelyn Conner Hicks, Law Offices of Donald W. Hicks, Sr., P.C., Dallas, TX, for Appellant.

Timothy W. Sorenson, Dallas, TX, for Appellee.

Before Justices BRIDGES, O'NEILL, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Dallas Central Appraisal District (DCAD) and Appraisal Review Board of Dallas County, Texas (collectively appellants) appeal the trial court's summary judgment granted in favor of homeowner Gregory Scott Cunningham. Appellants argue that because the market value of Cunningham's property was not established as a matter of law and fact issues exist as to that value, the court erred in granting summary judgment. We agree and reverse the trial court's judgment.

### BACKGROUND

The parties do not contest that Cunningham owns the property in question or that the prior year's *appraised value* was $200,000.00.[1] Instead, the parties disagree as to the application of the tax code 23.23 in determining the 2003 *market value*.[2]

Cunningham received his notice of residential appraised value for 2003 in which DCAD stated it had appraised, per state law, the taxable property at its fair *market value*. According to the notice, the *market value* was $374,330.00. The notice, however, referenced the "cap" provided for in the tax code and listed the "capped value" of Cunningham's property to be $225,000.00. Also included on the notice were "taxable values" for 2002 and 2003 as well as the "homestead exemption" values for the various taxing jurisdictions. The notice further stated the "estimated levy" for the year would be $5,177 based on "the current year's proposed value and last year's tax rates."[3]

Cunningham completed the bottom portion of the notice as his "notice of protest for year 2003" and opined the property's value was $220,000.00. Cunningham asserted his protest was due to the "constitutional cap on increase."

The Appraisal Review Board conducted a hearing and issued its notice of final order stating the protest was denied and the appraisal records were correct; the correct value was $374,330.00. Cunningham appealed this decision to the trial court requesting the court to both fix "the value" of the property as of January 1, 2003 at $220,000.00 and compel "the imposition of the proper assessed value...." Cunningham also sought costs and attorney's fees. Cunningham moved for summary judgment, stating the evi-

---

1. The record contains an "Agreed Judgment" stating the property had "a total market value on January 1, 2002" of $200,000.00. During oral argument, DCAD stated it did not agree with this "Agreed Judgment." This issue of the 2002 market value, however, is not germane to this appeal, and we make no determination as to the 2002 market value.

2. In his brief, Cunningham states that he "stipulated in the Trial Court that the total value of any improvements made to the Property during the year 2002, was that asserted by the Appellants, to wit: $5,000.00." However, in his affidavit accompanying his summary judgment motion, Cunningham stated the val-

ue of the improvements was $0.00. The trial court concluded the appraised value of the property was $225,000.00, which appears to incorporate a value for improvements at $5,000.00. But Cunningham does not appeal the $225,000.00 figure; therefore, the value of the improvements is not before this Court in this appeal. We make no determination as to the value of the improvements.

3. The notice, however, did not identify the amount that was used as the "proposed value" in computing that estimated levy, nor did it define the term "proposed value" on the face of the notice.

dence established "without controversy" that appellants were precluded by section 23.23(a)(2) of the tax code from increasing the *appraised value* by more than 10%. Cunningham also requested the trial court to enter judgment "declaring the fair *market value* of the Property to be $220,000.00."[4] Cunningham attached the agreed judgment reflecting the 2002 value of the property and his affidavit in which he stated the cost of "the improvements [he] made to the Property between January 1, 2002 and January 1, 2003 was $0.00." Cunningham provided no other evidence with his motion.

The trial court granted the summary judgment. It stated the *appraised value* was limited to $225,000.00. The court also stated the property had a "total market value of $225,000.00 on January 1, 2003." This appeal followed in which appellants complain the trail court erred in adjudging the *market value* of the property.

## STANDARD OF REVIEW

We review a summary judgment de novo to determine whether a party has established its right to summary judgment as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). A party moving for a traditional summary judgment must show no material fact issue exists and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curiam).

Statutory interpretation presents a question of law that is also subject to de novo review. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997). We consider a statute as a whole rather than in isolated provisions, giving meaning in harmony and consistent with other provisions. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001).

## DISCUSSION

In his original petition, Cunningham requested the trial court to fix "the value" of the property at $220,000.00. Cunningham did not specify if he sought the trial court to address the *appraised value*, based on tax code section 23.23, or the *market value*, as discussed in tax code section 23.01. However, in his summary judgment, Cunningham requested the trial court to enter judgment "declaring the fair market value of the Property to be $220,000.00." To obtain summary judgment, he was required to show he was entitled to the judgment as a matter of law. Appellants contend Cunningham failed to establish the *market value* of the property as a matter of law.

The trial court's judgment states the *appraised value* of the property was limited under tax code section 23.23(a)(2). It stated that because of this limitation, the total *market value* of the property was $225,000.00.[5] Appellants argue this reasoning was incorrect and insufficient to support summary judgment. We agree.

The tax code distinguishes between *market value* and *appraised value* in both

---

4. During oral argument, Cunningham denied that he asked the trial court to change the *market value* of the property as was reflected in the original notice sent to Cunningham. He asserted he merely wanted the *appraised value* to be changed. However, the record shows the specific request in the summary judgment motion asking the trial court to enter judgment declaring the fair market value to be $220,000.00.

5. The trial court first stated the *appraised value* was limited under section 23.23(a)(2) of the tax code then stated "it is, *therefore*, ordered, adjudged and decreed that the house ... had a total market value of $225,000.00...." (Emphasis added.)

the definitions and the explanation of determining appraisals. The tax code defines *market value* as a price the property would transfer for under prevailing conditions. Tex. Tax Code Ann. § 1.04(7) (Vernon 2001).[6] *Appraised value*, on the other hand, is the value "determined as provided by Chapter 23 of this code." *Id.* § 1.04(8).

Chapter 23 addresses methods and procedures for determining appraisals. The *market value* refers to the value at which all property is appraised as of January 1 each year. *See id.* § 23.01(a) (Vernon Supp.2004–05). To determine a property's *market value*, "the appraisal district applies generally accepted appraisal methods and techniques." *Id.* § 23.01(b). Chapter 23 defines three specific methods for determining a property's *market value:* the cost, income, and market data comparison methods. *Id.* § 23.0101 (Vernon 2001).

In contrast, section 23.23—the section Cunningham relied on for his summary judgment motion—does not address how to determine the *market value.* Instead, section 23.23 addresses the limit, or "cap,"

on the *appraised value* of a residence homestead. *Id.* § 23.23(a) (Vernon Supp. 2004–05).[7] Further, section 23.23 distinguishes between the amount calculated based on the limit to the *appraised value*—that amount under section 23.23(a)—and the *market value;* both values are to be included in the appraisal records. *See id.* § 23.23(b) [8]

We conclude the *market value* is determined based on an assessment completed "by the application of generally accepted appraisal methods and techniques," and it is not computed under section 23.23. Once the *market value* is determined, however, the appraisal district utilizes that number to determine if there is a limitation on the *appraised value* of a residence homestead by comparing it to the prior year's *appraised value. See id.* § 23.23(a). If the new *market value*—as was determined using the "accepted appraisal methods and techniques" referenced in section 23.01(b)—is less than the sum of (1) the prior year's appraised value; (2) 10% of

6.  In section 1.04, the tax code defines "market value" as

the price at which a property would transfer for cash or its equivalent under prevailing market conditions if:
(A) exposed for sale in the open market with a reasonable time for the seller to find a purchaser;
(B) both the seller and the purchaser know of all the uses and purposes to which the property is adapted and for which it is capable of being used and of the enforceable restrictions on its use; and
(C) both the seller and purchaser seek to maximize their gains and neither is in a position to take advantage of the exigencies of the other.
Tex. Tax Code Ann. § 1.04(7).

7.  Section 23.23(a) of the tax code states,

(a) The appraised value of a residence homestead for a tax year may not exceed the lesser of:

(1) the market value of the property; or
(2) the sum of:
(A) 10 percent of the appraised value of the property for the last year in which the property was appraised for taxation times the number of years since the property was last appraised;
(B) the appraised value of the property for the last year in which the property was appraised; and
(C) the market value of all new improvements to the property.
*Id.* § 23.23(a).

8.  Section 23.23(b) states,

(b) When appraising a residence homestead, the chief appraiser shall:
(1) appraise the property at its market value; and
(2) include in the appraisal records both the market value of the property and the amount computed under Subsection (a)(2).
*Id.* § 23.23(b)

last year's appraised value; and (3) the value of any new improvements, then the *market value* will be used as the *appraised value* as the computed value under section 23.2.3(a). Under this circumstance, the two values (the *market value* and the section 23.23(a) *appraised value* ) would thus be the same. However, if the *market value* is greater than the sum of (1) the prior year's appraised value; (2) 10% of last year's appraised value; and (3) the value of any new improvements, then the section 23.23(a) *appraised value* will be the sum of those three amounts. In this type of situation, the section 23.23(a) *appraised value* will be different from the *market value*.

## CONCLUSION

Cunningham requested the trial court to establish the *market value* of the property because of the limitation to the *appraised value* under section 23.23(a)(2). However, we have concluded section 23.23 does not address the determination of the *market*

*value.* Therefore, Cunningham did not establish as a matter of law that the *market value* was equal to the *appraised value* as limited under section 23.23(a) or subject to the limitations of section 23.23(a). Further, Cunningham's request to declare the *market value* to be $220,000.00 is contrary to DCAD's *market value* determination of $374,330.00. Therefore, a fact issue existed as to the *market value* of the property. Accordingly, we hold the trial court erred in granting summary judgment. *See M.D. Anderson Hosp.,* 28 S.W.3d at 23. We resolve appellants' sole issue in their favor.

We reverse the trial court's judgment and remand for further proceedings.