Michael CARBONARA, Appellant

v.

TEXAS STADIUM CORPORATION, Appellee.

No. 05–06–01592–CV.

Court of Appeals of Texas, Dallas.

Jan. 24, 2008.

Kent C. Krause, Rachael Khirallah, Speiser Krause, Dallas, TX, for Appellant.

Jennifer R. Lindsey, Levi G. McCathern, Matthew B. Doll, McCathern, Mooty & Buffington, L.L.P., Dallas, TX, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice WHITTINGTON.

Michael Carbonara fell thirty-five feet from an escalator on the third level of Texas Stadium to the ground level. He was seriously injured and brought suit against Texas Stadium Corporation on causes of action for negligence and premises liability. The trial judge granted summary judgment in favor of Texas Stadium. On appeal, appellant asserts the trial judge erred in granting the summary judgment, sustaining objections to evidence, quashing deposition notices, and denying motions to

compel and for continuance. We affirm the trial court's judgment.

## Background

On October 15, 2001, appellant attended a Dallas Cowboys football game at Texas Stadium. When leaving the stadium, appellant used an escalator to descend from his upper-level seat to the ground level. Appellant alleges he lost his footing while on the escalator and fell. His injuries included serious head trauma. In his petition, he alleges the escalator's guard rail was not high enough to prevent his body from going over it. He also alleges the escalator lacked safety features that would have prevented him from falling over the side while riding.

Appellant filed his original petition October 14, 2003. In it, he designated Level 2 discovery under rule 190 of the Texas Rules of Civil Procedure. Under rule 190, the discovery period for Level 2 cases begins when suit is filed and continues until the earlier of 30 days before the date set for trial, or nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery. See Tex.R. Civ. P. 190.3(b)(1)(B). The record does not reflect any trial setting by the trial judge. The record does reflect two depositions taken in the case, the earlier of which was taken on September 17, 2004. The record also reflects appellee answered written discovery on March 31, 2004. Nine months from the earlier of these dates would set the end of the discovery period in November 2004. Even using the later of the two dates, the discovery period would have ended in June 2005.

In April 2006, the parties filed an agreed discovery control plan, agreeing discovery would be conducted under Level 3; trial would be set for October 2, 2006; all discovery would be completed by August 18, 2006; and experts would be designated by parties seeking affirmative relief by July 7, 2006. The trial judge did not sign this agreed discovery control plan, and no order was ever entered adopting it. On July 14, 2006, appellee filed its motion for summary judgment.

Appellant then attempted to notice depositions for August 17 and 18, 2006. Appellee moved to quash the deposition notices. With his response to summary judgment, appellant filed the affidavit of an expert witness. The record does not reflect when this expert was designated. Filed with the expert's affidavit were records appellant obtained from the Texas Department of Licensing and Regulation (TDLR) regarding Texas Stadium. The trial judge granted the motions to quash, sustained appellee's objections to appellant's proffered evidence, granted appellee's motion for summary judgment, and denied appellant's motions to compel discovery and for continuance.

## Standards of Review

The standards for review of traditional and no-evidence summary judgments are well-settled. We review a summary judgment de novo to determine whether a party has established its right to summary judgment as a matter of law. See Dallas Cent. Appraisal Dist. v. Cunningham, 161 S.W.3d 293, 295 (Tex.App.-Dallas 2005, no pet.). A party moving for a traditional summary judgment must show no material fact issue exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); Cunningham, 161 S.W.3d at 295. When reviewing a summary judgment, we must examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. City of Keller v. Wilson, 168 S.W.3d 802, 824–25 (Tex.2005).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict to determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine fact issue. *See Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 683 (Tex.App.-Dallas 2000, no pet.).

A trial judge's decision to admit or exclude evidence is reviewed for abuse of discretion. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000). Unless the trial judge's erroneous evidentiary ruling probably caused the rendition of an improper judgment, we will not reverse the ruling. *Auld*, 34 S.W.3d at 906. An appellate court must uphold the trial judge's evidentiary ruling if there is any legitimate basis for it. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998). We also employ an abuse of discretion standard to review a trial judge's discovery rulings, *see Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex.1998), and the grant or denial of a motion for continuance. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex.2002). A trial judge abuses his discretion when he makes a decision without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex.1999).

### Summary Judgment

In his first issue, appellant challenges the granting of summary judgment on his negligence and premises liability claims. On the premises liability claim, appellee's motion alleged there was no evidence to support any of the four elements of appellant's cause of action that (i) the owner/operator had actual or constructive knowledge of some condition on the premises; (ii) the condition posed an unreasonable risk of harm; (iii) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (iv) the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3–4 (Tex.1996). Appellee also asserted it could conclusively establish that no condition of the premises created an unreasonable risk of harm to appellant; appellee did not actually know of the condition, if any; appellee did not fail to exercise ordinary care to protect appellant from danger; and appellee's failure, if any, was not a proximate cause of appellant's injury.

Appellant contends the railings of the escalator were too low to prevent falls and no compensating safety measures such as fall aprons or netting were installed. He also contends he tripped over a trash receptacle as he walked near the escalator causing his fall. To support these contentions, appellant offered records from TDLR and the affidavit of an expert witness, Tom J. Harrison, with his summary judgment response. Appellant argues the trial judge erroneously granted appellee's motion to strike this evidence, and we consider this issue below. Assuming the trial judge should have considered the TDLR records, however, appellant does not point to any evidence within them to show the railing on the escalator in question, or on any escalator in the stadium, was too low. Appellant cites to a letter from the TDLR to appellee dated November 15, 2000, requesting a written update on "the status of correcting the non-compliant items for all elevators and escalators" from the 2000 inspection reports.

Appellant also cites to a May 1, 2001, letter from the TDLR to appellee requesting a response "regarding the status of correcting the deficiencies listed in the 2000 inspection reports for the 7 elevators and 9 escalators in Texas Stadium." Appellant does not cite to a particular deficiency in the escalator in question that caused his injuries. While he argues "[r]ecords indicate the escalator was deemed unsafe for operation after undergoing its yearly required inspection in 2000" and "the escalators did not have proper warning signs," he cites only the two letters described, which do not highlight a particular condition or a particular escalator.

Even appellant's expert did not offer testimony that a particular violation noted in the TDLR records was the cause of appellant's injuries. Harrison did testify "the escalators were most likely operated at the time of the incident in violation of Texas law" because of appellee's failure to obtain a certificate of compliance from the TDLR, and noted the TDLR's records showed lack of proper warning signs for correct use of the escalators. But Harrison's opinion regarding what caused appellant's fall was based on his observation that the guard rails were "inadequate and insufficient for the conditions in which they are used and resulted in Michael Carbonara falling some 35 feet on October 15, 2001." Harrison also offered the opinion that "there existed and were available reasonable modifications to the escalators that would have enhanced the safety of the escalators and that would have prevented the Incident," such as fall aprons and netting. He does not contend a condition noted in the TDLR reports was the cause of appellant's fall.

Harrison's affidavit was the only evidence that the railings were too low. There is no indication in the record appellant designated Harrison as an expert by either the Level 2 discovery deadline or by the deadline in the parties' agreed discovery control plan. As noted below, although appellant argued there was good cause and lack of surprise for the trial judge to consider the TDLR records, he did not make a similar argument regarding Harrison's affidavit. Without Harrison's testimony, there is no evidence the height of the railings was an unreasonably dangerous condition or that appellee's negligence regarding the railings was the proximate cause of appellant's injury.

Appellant also contends he "collided with a trash receptacle placed dangerously close to the entrance of the descending escalator and causing him to lose his footing and fall against the escalator's guard rail," which allowed him to go over the rail and fall to the ground level of the stadium. For support, he cites to his petitions and the deposition of James Robert Brown, filed with appellee's summary judgment motion. Brown testified he believed appellant bumped into a trash can "out in the walkway area," but appellant did not fall. The noise caused Brown to turn around. After that, Brown got on the escalator. Brown did not testify appellant's collision with the trash can caused his fall off the escalator. Brown testified appellant was seated on the escalator's handrail and was "sliding on the rubber handle of the escalator, sliding down." Appellant's leg then collided with another person on the escalator, and "he spun and was gone" over the side of the escalator, according to Brown's testimony. Brown's testimony does not raise a genuine issue of material fact that the trash receptacle was an unreasonably dangerous condition or that appellee's lack of care regarding the trash receptacle was the proximate cause of appellant's injuries.

 Regarding appellant's negligence claim, appellee moved for summary judg-

ment on the ground that appellant was limited to a premises defect theory as a matter of law, citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). The supreme court has explained "[a] negligent activity claim requires that the claimant's injury result from a contemporaneous activity itself rather than from a condition created on the premises by the activity; whereas a premises defect claim is based on the property itself being unsafe." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (citing *Keetch*, 845 S.W.2d at 264). The court continued, "We have rejected attempts to blur the distinction between these two claims [citing *Keetch*] (declining 'to eliminate all distinction between premises conditions and negligent activities')." *Shumake*, 199 S.W.3d at 284. Here, appellant contends his injury resulted from the escalator itself being unsafe and/or from the placement of the trash receptacle, not from any contemporaneous activity being conducted at the time of his injury. We agree summary judgment was proper on appellant's negligence cause of action. *See Bartosh v. Gulf Health Care Ctr.-Galveston*, 178 S.W.3d 434, 446–47 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (not negligent activity case where plaintiff claimed defendant's negligence permitted condition to exist, rather than claiming any activity of defendant directly and contemporaneously harmed plaintiff). We overrule appellant's first issue.

### Exclusion of Evidence

▮ In his second issue, appellant challenges the trial judge's ruling on appellee's motion to strike appellant's summary judgment evidence, consisting of the TDLR records and Harrison's affidavit. Nothing in the record shows appellant designated Harrison by either the Level 2 deadline or by the deadline in the parties' agreement. *See* TEX.R. CIV. P. 195.2(a) (unless otherwise ordered by court, party seeking affirmative relief must designate experts by 90 days before end of discovery period or 30 days after request served). Appellant filed Harrison's affidavit on August 24, 2006, with his summary judgment response. Rule 193.6 of the Texas Rules of Civil Procedure provides that a party may not offer the testimony of a witness who was not timely identified unless the court finds good cause or lack of unfair surprise. *See Perez v. Embree Constr. Group, Inc.*, 228 S.W.3d 875, 884 (Tex. App.-Austin 2007, pet. denied) (exclusion of untimely designated expert's testimony is mandatory if plaintiff does not establish good cause for late designation or lack of unfair surprise or prejudice). On the day of the summary judgment hearing, appellee filed a summary judgment reply which included objections to appellant's evidence and a motion to strike Harrison's affidavit and the TDLR records. In his motion for new trial and his brief on appeal, appellant argued there was good cause and lack of unfair surprise regarding the public records from the TDLR, but did not make similar arguments regarding Harrison's testimony. Without a showing of good cause or lack of unfair surprise, we conclude it was not an abuse of discretion for the trial judge to strike Harrison's affidavit. *See* TEX.R. CIV. P. 193.6; *see also Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 270–74 (Tex.App.-Austin 2002, pet. denied) (no abuse of discretion in striking expert's affidavit where plaintiff failed to designate expert witness by deadline provided by rules and only informed opposing party "at the last possible moment-after a motion for summary judgment had been filed").

▮ Regarding the TDLR records, appellant argued he had sought those records from appellee in discovery but appellee had denied their existence, and the records were either prepared by or sent to

appellee. Appellant therefore argues there is good cause and a lack of unfair surprise. Appellant obtained the records on his own and not through appellee's response to timely discovery requests. Appellant does not argue, however, that he could not have obtained the records during the discovery period. Appellant argues public records are valid summary judgment evidence when they are authenticated or certified. TEX.R. CIV. P. 166a(c); *see Gomez v. Allstate Tex. Lloyds Ins. Co.*, 241 S.W.3d 196, 202 (Tex.App.-Fort Worth, 2007, no pet.). He also argues appellee should have produced the records, and appellee relied on the records in its summary judgment replies. Even if the TDLR records were impermissibly stricken, however, we conclude there was no reversible error. *See Auld,* 34 S.W.3d at 906 (unless trial judge's erroneous evidentiary ruling probably caused rendition of improper judgment, court of appeals will not reverse). As noted above, even considering the TDLR records, appellant did not raise a genuine issue of material fact regarding his claims. We overrule appellant's second issue.

### Discovery Rulings and Denial of Continuance

In his third and fifth issues, appellant complains the trial judge erroneously denied a motion to compel and erroneously granted appellee's motions to quash deposition notices. In his fourth issue, appellant contends the trial judge erred in denying his motion for continuance of the summary judgment hearing. We review these rulings for abuse of discretion. *See Gen. Tire, Inc.,* 970 S.W.2d at 526; *BMC Software Belgium,* 83 S.W.3d at 800.

We first note that neither party assigns error to the trial judge's failure to order that discovery be conducted in accordance with the parties' agreed plan.

While appellant notes in his argument regarding the motions to quash, "[e]ntry of the Agreed Discovery Control Plan was mandatory under Rule 190.4 and the Trial Court's disregard for the deadlines therein was inexcusable and prejudicial to appellant," appellant did not present argument, authority, or record citations to permit us to review this complaint. The record shows that although the plan was signed by both parties and filed with the court, the trial judge never ordered that discovery be conducted in accordance with the plan. *See* TEX.R. CIV. P. 190.4 (entitled "Discovery Control Plan–By Order (Level 3)," providing for court's order that discovery be conducted in accordance with discovery plan tailored to circumstances of specific case). The proposed plan in the clerk's record was not signed by the trial judge, and no order relating to it appears. Rule 190.4(b) provides, "the discovery limitations of Rule 190.2 [Level 1], if applicable, or otherwise of Rule 190.3 [Level 2] apply *unless specifically changed in the discovery control plan ordered by the court."* TEX.R. CIV. P. 190.4(b) (emphasis added). While rule 190.4 also provides the trial judge "must, on a party's motion," order that discovery be conducted in accordance with a discovery control plan, and adds "the court should act on a party's motion or agreed order under this subdivision as promptly as reasonably possible," by the time the parties here filed their agreement, the discovery periods under Level 2 had already run. Appellant's deposition notices were not served and his motion to compel was not filed until more than a year after the discovery period had run.

Appellant's motion to compel, filed August 18, 2006, complained of appellee's responses to appellant's interrogatories and requests for production. The responses complained of were dated March 31, 2004. The affidavit supporting the motion to

compel alleged appellant attempted to obtain more complete answers to the written discovery, as well as depositions of appellee's expert witness and a corporate representative, after being served with appellee's motion for summary judgment in July 2006, and appellee's supplemental responses dated August 9, 2006. The affidavit describes appellant's efforts to obtain discovery after the filing of the summary judgment motion, but does not describe, and the record does not reflect, what efforts were made between March 31, 2004, and July 14, 2006, when the summary judgment motion was filed. Similarly, the affidavit submitted in opposition to appellee's motions to quash explained appellant's efforts after the filing of the summary judgment motion, but not before.

 Appellant's motion for continuance of the summary judgment hearing alleges inadequate time in which to conduct discovery. Again, the affidavit supporting the motion describes efforts between July 14, 2006, and August 18, 2006, to obtain discovery, but none prior. The supreme court has noted "[i]t is also well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance." *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex.1988). Appellant does not explain why he did not seek to depose appellee's expert witness and corporate representative prior to the filing of the summary judgment motion and does not allege appellee's expert was not timely designated. *See Risner v. McDonald's Corp.,* 18 S.W.3d 903, 909 (Tex.App.-Beaumont 2000, pet. denied) (no showing of diligence when party did not explain why discovery could not have been obtained during 18 months between filing of suit and summary judgment hearing); *compare Verkin v. Southwest Ctr. One, Ltd.,* 784 S.W.2d 92, 94 (Tex.App.-Houston [1st Dist.] 1989, writ denied) (suit on file less than three months at time of summary judgment hearing; motion stated good cause; and summary judgment motion filed soon after defendant answered suit). We conclude the trial judge did not abuse his discretion in granting the motions to quash and denying the motions to compel and for continuance. We overrule appellant's third, fourth, and fifth issues.

We affirm the trial court's judgment.