**AFFIRM; and Opinion Filed May 20, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00433-CV

### CTMI, LLC, MARK BOOZER, AND JERROD RAYMOND, Appellants
### V.
### RAY FISCHER AND CORPORATE TAX MANAGEMENT, INC., Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-15775**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

CTMI, LLC, Mark Boozer, and Jerrod Raymond appeal the trial court's final judgment ordering them to pay the attorney's fees of Ray Fischer and Corporate Tax Management, Inc. related to appellees' claim for breach of contract. In two issues, appellants argue that the trial court abused its discretion by admitting expert testimony that was based on a review of billing records that had not been produced in discovery and by refusing to consider settlement offers in its determination of the reasonableness of the attorney's fees. We affirm the trial court's judgment.

### BACKGROUND

This is the second appeal in this case involving the award of attorney's fees in this commercial dispute concerning the sale of a business under an asset purchase agreement. Appellees prevailed below and the trial court awarded them attorney's fees in the amount of

$360,449.04. *CTMI, LLC v. Fischer*, No. 05-11-01221-CV, 2013 WL 2725580 (Tex. App.—Dallas June 12, 2013, no pet.). Appellants appealed the award of attorney's fees arguing that appellees did not segregate the attorney's fees related to their tort claims from the fees related to their breach of contract claim, and the attorney's fees were unreasonable based on a comparison of the results obtained and the pre-trial settlement offers. *Id*. at *1. We concluded that appellees did not segregate attorney's fees related solely to the tort claims. *Id*. at *3. Because of our disposition of the segregation issue, we did not reach the separate argument that the fees were unreasonable. *See id*. at 1–3. We remanded the case to the trial court for a new trial on attorney's fees. *Id*. at 4.

On remand in a trial before the court, appellees presented the testimony of their attorney Jonathan Cunningham concerning segregation of attorney's fees related to the breach of contract claim. He explained why he thought the work and services related to the claim for breach of contract were inextricably intertwined with the work and services related to the tort claims. But he also testified that he reviewed the billing records entry by entry and, to the extent he was able, segregated out the work and services related solely to the tort claims. He testified that based on the *Anderson*[1] factors, his personal knowledge and involvement in the case, his review of the file, and his review of the billing records, the reasonable and necessary attorney's fees were $313,435.52.

Appellants presented an expert on attorney's fees who concluded that a reasonable fee for the breach of contract claim was $152,000. Appellants also offered evidence of settlement offers and argued that the court should consider those settlement offers when determining the reasonableness of appellees' attorney's fees, specifically as it related to the *Anderson* factor of

---

[1] *See Arthur Anderson & Co. v. Perry Eqp't Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

"results obtained."  Appellees objected, and the trial court sustained the objection and did not admit the evidence.

The trial court rendered judgment in favor of appellees for $313,435.52 for attorney's fees at trial; $20,000 for conditional attorney's fees for an appeal to the intermediate court of appeals; and $10,000 for conditional attorney's fees for an appeal to the Supreme Court of Texas.  The court also made findings of fact and conclusions of law.

## STANDARD OF REVIEW

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Carbonara v. Tex. Stadium Corp.*, 244 S.W.3d 651, 655 (Tex. App.—Dallas 2008, no pet.)  We will not reverse an erroneous ruling unless it probably caused the rendition of an improper judgment.  *Id.*; *see also* TEX. R. APP. P. 44.1(a)(1).  A trial court abuses its discretion when it makes a decision without reference to guiding rules or principles.  *Carbonara*, 244 S.W.3d at 655.

## RULE 193.6

In issue one, appellants argue that the trial court abused its discretion by not excluding Cunningham's expert testimony about attorney's fees because the testimony was based in large part on unredacted billing records that had not been produced in discovery.

Appellants argue that the trial court was required to exclude Cunningham's testimony under civil procedure rule 193.6, which states that if a party fails to supplement a discovery response in a timely manner, the party may not introduce in evidence the material or information that was not timely disclosed unless the court finds there was good cause for the failure to supplement or the failure to supplement will not unfairly surprise or unfairly prejudice the other party. *See* TEX. R. CIV. P. 193.6.

–3–

It is undisputed that appellees produced *redacted* copies of their billing records. During appellants' cross-examination of Cunningham, however, it became apparent that Cunningham's testimony was based in part on his detailed review of the *unredacted* billing records. Appellants objected to "Cunningham's testimony on the ground that he is rendering an expert opinion based on his review of documents which were not produced." Appellees argued that they were not required to produce *any* billing records and that the expert's testimony was sufficient. They also argued that "attorneys are excepted from having to produce unredacted billing records" because of the attorney-client privilege. But appellants argued that appellees could not assert attorney-client privilege as a means to avoid production of documents reviewed by a testifying expert witness.

The trial court asked the parties to provide case authority supporting their respective positions, but there is nothing in the record to show they did. Appellants concede in their briefing to this Court that "[t]he trial court took the issue under advisement . . . and did not make any ruling on [their] objection."

When a party does not get a ruling on its objection, nothing is presented for appellate review. TEX. R. APP. P. 33.1; *see also In re Estate of Johnston*, No. 04-11-00467-CV, 2012 WL 1940656, at *3 (Tex. App.—San Antonio May 30, 2012, no pet.) (mem. op.) (trial court did not abuse discretion by admitting redacted fee statements and refusing to admit unredacted fee statements because proponent of evidence did not cite authority stating rule of optional completeness trumped attorney-client privilege); *Schlager v. Clements*, 939 S.W.2d 183, 193 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (court did not err by admitting attorney's testimony about attorney's fees based on personal knowledge and review of client files even though court excluded documents not produced in discovery; failure to produce documents affects weight of testimony, not admissibility).

–4–

Even if we assume that the trial court implicitly overruled appellants' objection and the issue was preserved, the trial court found that the segregation of attorney's fees was based on more than just Cunningham's review of the unredacted billing records. In its findings of fact and conclusions of law, the trial court found that Cunningham's testimony was based on the *Anderson* factors and on his "personal involvement in the case, knowledge and supervision of the services performed, and review and analysis of . . . the claims, counterclaims and affirmative defenses, and declaratory judgments sought." These findings are binding on us because appellants do not challenge them and they are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014). Consequently, appellants have not shown that error, if any, was reversible. *See* TEX. R. APP. P. 44.1(a)(1). We resolve issue one against appellants.

## SETTLEMENT OFFERS

In issue two, appellants argue that the trial court abused its discretion by refusing to admit evidence of settlement offers they made to appellees as bearing on the reasonableness of appellees' attorney's fees, specifically the *Anderson* factor of "results obtained." In oral argument, appellants conceded that "if we didn't have the unredacted fee statement issue, that the exclusion of the settlement offers standing alone would not be sufficient to reverse the findings of the trial court." Based on this concession, and having previously decided against appellants on the unredacted fee statement issue, we resolve issue two against appellants.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140433F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CTMI, LLC, MARK BOOZER, AND
JERROD RAYMOND, Appellant

No. 05-14-00433-CV         V.

RAY FISCHER AND CORPORATE TAX
MANAGEMENT, INC., Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-08-15775.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Ray Fischer and Corporate Tax Management, Inc.
recover their costs of this appeal from appellants CTMI, LLC, Mark Boozer, and Jerrod
Raymond.

Judgment entered this 20th day of May, 2015.