ACCEPTED
01-15-00661-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/13/2015 3:44:28 PM
CHRISTOPHER PRINE
CLERK

**01-15-00661-CV**

**IN THE COURT OF APPEALS**
**FOR THE FIRST DISTRICT OF TEXS AT HOUSTON**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/13/2015 3:44:28 PM
CHRISTOPHER A. PRINE
Clerk

PATRICK O'CONNOR & ASSOCIATES, L.P.
Appellant
(Defendant below)

v.

CHESTER R. HALL
Appellee
(Plaintiff below)

**APPELLANT'S BRIEF**

Appeal from Cause No. 1036533, In the County Court at Law No. 4, Harris County, Texas

THE LAW OFFICES OF VEKENO KENNEDY
Vekeno Kennedy
Texas Bar No. 24077118
3346 E. T.C. Jester Blvd., Suite F-27
Houston, Texas 77018
Phone:(713) 375-4230
Fax: (713) 457-2954
kennedy.re.law@gmail.com

THE SIDDIQUI LAW FIRM
Saif A. Siddiqui
Texas Bar No. 24052305
3346 E. T.C. Jester, Suite F-11
Houston, Texas 77018
Tel: (713) 927-2775
Fax: (832) 787-1284
ss@siddiquilaw.com

**ATTORNEYS FOR DEFENDANT AND APPELLANT**

Oral Argument Requested

## IDENTITY OF PARTIES AND COUNSEL

Appellant:            Patrick O'Connor & Associates, L.P.

Appellee:            Chester R. Hall

Trial counsel for Appellant:            Saif A. Siddiqui
The Siddiqui Law Firm
Texas Bar No. 24052305
3346 E. T.C. Jester, Suite F-11
Houston, Texas 77018

Appellate counsel for Appellant:            Vekeno Kennedy
Law Office of Vekeno Kennedy
Texas Bar No. 24077118
3346 E. T.C. Jester, Suite F-27
Houston, Texas 77018

Saif A. Siddiqui
The Siddiqui Law Firm
Texas Bar No. 24052305
3346 E. T.C. Jester, Suite F-11
Houston, Texas 77018

Trial counsel for Appellee:            Paul A. Pilibosian
Hoover Slovacek LLP
Texas Bar No. 24007846
5847 San Felipe, Suite 2200
Houston, TX 77057

Appellate counsel for Appellee:            Paul A. Pilibosian
Hoover Slovacek LLP
Texas Bar No. 24007846
5847 San Felipe, Suite 2200
Houston, TX 77057

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL................................................... i

TABLE OF CONTENTS………………………..……………………..…..ii

TABLE OF AUTHORITIES ............................................................... iii

APPENDIX:.......................................................................................... iv

STATEMENT OF THE CASE…………………………………………….. vi

ISSUES PRESENTED………………………………………………....vi

I.  STATEMENT OF FACTS ................................................................. 2

   A.  FACTUAL BACKGROUND………………………………….2
     1.  The Underlying Suit…………………………………………2

     2.  The Bill of Review ................................................................ 4

II.  SUMMARY OF THE ARGUMENT.................................................. 5

III. ARGUMENT ...................................................................................... 6

   A.  STANDARD OF REVIEW ................................................................ 6
     1.  Summary Judgment ................................................................ 6

     2.  Bill of Review.................................................................... 7

   B.  HALL'S MOTION FOR SUMMARY JUDGMENT ......................... 8
     1.  It is factually and legally impossible for Hall to satisfy all the elements of a bill of review ................................................................................ 8

     2.  There is no basis in law or fact to prove Hall's claim that a minor typographical error in a Plaintiff's name renders a citation fatally defective ………………………………………………………………10

IV.  CONCLUSION AND PRAYER FOR RELIEF............................ 14

   WORD COUNT CERTIFICATION…………………………16

# TABLE OF AUTHORITIES

## CASES

Alexander v. Hegedorn, 148 Tex. 565, 226 S.W.2d 996, 1001-02 (1950). ..............8

*Appraisal Dist. v. Cunningham*, 161 S.W.3d 293 (Tex. App.-Dallas 2005, no pet.)6

*Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979) ......................................................8

Browning v. Prostock, 165 S.W.3d 336 (Tex. 2005) ................................................8,9

*Caldwell v. Barnes (Caldwell I)*, 975 S.W.2d 535, 537 (Tex. 1998) ......................10

*Caldwell,* 154 S.W.3d 93 (Tex. 2004).............................................................7,8,10

Lambert v. Coachmen Indus. Of Texas, Inc., 761 S.W.2d 82 (Tex. App,--Houston [14th Dist.] 1988, writ denied) .................................................................................9

Limestone Prods. Distrib., Inc. v. McNamara, Inc., 71 S.W.3d 308 (Tex. 2002).....5

*M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22 (Tex. 2000) .........6

*McCaulley v. W. Nat. Bank*, 173 S.W. 1000 (Tex. Civ. App.—Fort Worth 1915).11

*Palomin v. Zarsky Lumber*, 26 S.W.3d 690 (Tex. App.-Corpus Christi 2000, pet. denied) ...................................................................................................................11

*Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508 (Tex. 1995) ..........................5

*Peralta*, 485 U.S. at 84............................................................................................10

*Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152, 37 Tex. Sup. Ct. J. 1216 (Tex. 1994) .............................................................................................................11

*Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003)..............6

*Ramsey v. Davis*, 261 S.W.3d 811 (Tex. App.-Dallas 2008, pet. denied).................6

*Temple Lumber Co. v. McDaniel Et Ux.*, 24 S.W.2d 518, (Tex. Civ. App. 1930)..11

*Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885, 28 Tex. Sup. Ct. J. 423 (Tex. 1985).................................................................................11

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992)...............................................6, 12

*Wilson v. Dunn*, 800 S.W.2d 833, 836, 34 Tex. Sup. Ct. J. 60 (Tex. 1990)............11

## Statutes
T.R.C.P. 124..............................................................................................................11

## APPENDIX:

A. Order Granting Plaintiff's Motion for Summary Judgment, signed June 25, 2015.

B. Plaintiff's Original Petition, Cause No. SC12C0010446, *Patrick O'Connor & Associates, L.P. v. Chester R. Hall*, In the Small Claims Court, Precinct 1, Place 2, Harris County, Texas.

C. Small Claims Citation and Affidavit of Service, Cause No. SC12C0010446.

D. Default Judgment, Cause No. SC12C0010446.

E. Writ of Execution and Foreclosure Sale Documents.

F. Plaintiff's Original Petition for Bill of Review, Cause. No. CV12C0131560, *Chester R. Hall v. Patrick O'Connor & Associates*, in the Justice Court of Harris County, Texas, Precinct 1, Place 2

G. Justice Court Citation and Affidavit of Service, Cause No. CV12C0131560.

H. Order Denying Plaintiff's Bill of Review, Cause No. CV12C0131560.

I. Notice of Appeal, Cause No. CV12C0131560.

J. Defendant's Traditional and No Evidence Motion for Summary Judgment as to Plaintiff's Bill of Review, Cause No. 1036533.

K. Amended Notice of Hearing for August 8, 2014, Cause No. 1036533.

L. Plaintiff's Response to Defendant's Traditional and No Evidence Motion for Summary Judgment, Cause No. 1036533.

M. Defendant's Surreply to Plaintiff's Response to Defendant's Traditional and No Evidence Motion for Summary Judgment, Cause No. 1036533.

N. Order Denying Defendant's Motion for Summary Judgment, Cause No. 1036533.

O. Plaintiff's Supplemental Petition, Cause No. 1036533.

P.    Plaintiff's Motion for Summary Judgment, Cause No. 1036533.

Q.    Defendant's Response to Plaintiff's Motion for Summary Judgment, Cause No. 1036533.

## STATEMENT OF THE CASE

This is an appeal from a final summary judgment on a Bill of Review in favor of Appellee/Plaintiff Chester R. Hall ("Hall") and against Appellant/Defendant Patrick O'Connor & Associates, L.P. ("O'Connor").

The Hon. Roberta Lloyd, sitting Judge of the County Court at Law No. 4, Harris County, Texas, signed the Final Order on June 25, 2015. App. A. Appellant filed a Notice of Appeal on July 29, 2015.

## ISSUES PRESENTED

**Issue 1:** Did the Trial Court abuse its discretion by making a legal determination on the effect a typographical error in the Plaintiff's name has on the validity of a citation, and whether or not this would render it fatally defective, invalidating service of process?

**Issue 2:** Did the Trial Court err by granting Appellee's Motion for Summary Judgment when there is a clear question of fact that should have precluded it?

1

## I. STATEMENT OF FACTS

### A. FACTUAL BACKGROUND

#### 1. The Underlying Suit

Appellant O'Connor is a Texas limited partnership that provides residential and commercial property tax reduction services.

In 2006, Appellee Hall and O'Connor entered into an agreement wherein O'Connor would provide tax reduction services for two properties owned by Hall.

O'Connor successfully obtained property tax reductions on Hall's behalf for tax years 2007, 2008, 2009, 2010, and Hall was invoiced accordingly per the terms of the agreement. App. B[1]; CR 73-75. Hall failed to pay the amount due, even though O'Connor had made a demand for payment.

On December 28, 2010, O'Connor filed suit against Hall in the Small Claims Court of Harris County, Texas, Precinct One, Place Two, under Cause No. SC12C0010446 (the "Underlying Suit"). App. B; CR 65.

On January 23, 2011, Hall was personally served with process in the Underlying Suit[2]. CR 51; App. C. Due to a typographical error[3], the citation named

---

[1] Copies of the unpaid invoices sent to Hall are attached as Exhibit A to Plaintiff's Original Petition. They can also be found in the Clerk's Record at 73-75. For ease of reference, they are included in the Appendix and will be cited as "App. B".

[2] In the Affidavit of Service attached to the returned citation, the process server states that he "personally delivered a true copy of the citation with Plaintiff's Original Petition to Chester R. Hall".

2

Plaintiff as "PATRICK OCONNOR ASSOCIATES" instead of "PATRICK O'CONNOR & ASSOCIATES L.P.". App. C; CR 49.

On June 5, 2012, the Justice Court entered a Default Judgment against Hall in favor of O'Connor in the amount of $549.04 in principal, $104.37 in prejudgment interest, $750.00 in attorneys' fees, and $109.00 in court costs. App. D; CR 59.

On September 11, 2012, O'Connor obtained a writ that was received and executed by Constable Ron Hickman's office on September 21, 2012. CR 83.

Upon refusal by Hall to pay the judgment, the Constable levied his non-exempt property located at 1107 Southern Hills, Kingwood, Texas (the "Property"), which was subsequently sold at a Constable's sale held on December 4, 2012. App. E; CR 79, 83.

The Property sold for $53,000.00, and excess proceeds in the amount of $50,410.52 were disbursed to Hall by the Harris County Treasurer's Office. CR 87, 131.

---

[3] Plaintiff is named correctly in the Petition, therefore any confusion the typographical error in the citation may have caused Hall in determining the identity of the party suing him should have reasonably been resolved. *See* App. B.

## 2.    The Bill of Review

By Original Petition dated February 19, 2013, Hall filed a bill of review proceeding under Cause No. CV12C0131560 in the Justice Court of Harris County, Texas, Precinct 1, Place 2. App. F, CR 3.

On April 24, 2013, O'Connor was served with process in the Bill of Review suit. This citation also named the Defendant as "PATRICK OCONNOR ASSOCIATES" instead of "PATRICK O'CONNOR & ASSOCIATES L.P." App. G; CR 193.

On July 30, 2013, the Justice Court denied Hall's Bill of Review. App. H; CR 217. On August 9, 2013, Hall appealed the Justice Court's ruling to the County Civil Court at Law No.4 under Cause No. 1036533. App. I; CR 227.

On June 2, 2014, O'Connor filed a Traditional and No Evidence Motion for Summary Judgment on the Bill of Review. App. J; CR 52. An oral hearing was set for August 8, 2014. App. K; CR 21.

On August 1, 2014, Hall filed a response to O'Connor's Motion for Summary Judgment. App. L; CR 39. On August 7, 2014, O'Connor filed a surreply to Hall's response. App. M; CR 113. After hearing arguments on August 8, 2014, the Court signed an order denying summary judgment to O'Connor's on August 28, 2014. App. N; CR 25.

4

On December 1, 2014, Hall filed a Supplemental Petition that included new arguments that were made for the first time in his response to O'Connor's Motion for Summary Judgment. App. O; CR 86.

On April 27, 2015, Hall filed Plaintiff's Motion for Summary Judgment and a hearing was set for June 3, 2015. App. P; CR 28. On June 2, 2015, O'Connor filed an untimely response to Hall's motion. App. Q; CR 62.

On June 3, 2015, the Court held a hearing on Hall's motion, and on June 25, 2015, the Presiding Judge signed an order granting summary judgment in favor of Hall and vacating the default judgment rendered in the Underlying Suit. The App. A; CR 2.

The Order originally read, in pertinent part: "…after considering the Motion, the Response thereto, and…", however the words "the Response thereto" were crossed out by the Judge, suggesting that the summary judgment was granted solely on the arguments presented in Hall's motion. CR 2.

This appeal followed.


## II.    SUMMARY OF THE ARGUMENT

The premise of Hall's argument is that even a minor typographical error in the Plaintiff's name on a citation constitutes a fatal defect that renders service invalid, and that invalid service is equivalent to no service at all. Therefore, since

5

he was never served with process, he is excused from having to prove any of the remaining elements for a bill of review and is entitled to summary judgment as a matter of law.

Even if the trial court was not errant in its determination that Hall was improperly served, it did err by granting summary judgment absent proof that the judgment entered in the underlying case was unmixed with any fault or negligence by Hall.

## III. ARGUMENT

### A. STANDARD OF REVIEW

#### 1. Summary Judgment

When a movant files a motion for summary judgment based on summary judgment evidence, the court can grant the motion only when the movant's evidence proves, as a matter of law, all the elements of the movant's cause of action or defense, or disproves the facts of at least one element in the non-movant's cause or defense. *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995). When evaluating a motion for summary judgment, the court must assume all the non-movant's proof is true, *Limestone Prods. Distrib., Inc. v. McNamara, Inc.*, 71 S.W.3d 308, 311 (Tex. 2002), indulge every reasonable inference in favor of the non-movant, *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211

6

(Tex. 2003), and resolve all doubts about the existence of a genuine issue of material fact against the movant, *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). The movant for summary judgment must show (1) there are no genuine issues of material fact; and (2) the movant is entitled to summary judgment as a matter of law. *Provident Life & Acc. Ins. Co.*, 128 S.W.3d at 215–16.

We review a summary judgment de novo to determine whether a party has established its right to summary judgment as a matter of law. *See Dallas Cent. Appraisal Dist. v. Cunningham*, 161 S.W.3d 293, 295 (Tex. App.-Dallas 2005, no pet.).

## 2.    Bill of Review

The Appellate Court reviews an order granting or denying a bill of review under an abuse of discretion standard. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.-Dallas 2008, pet. denied). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

## B. HALL'S MOTION FOR SUMMARY JUDGMENT

### 1. It is factually and legally impossible for Hall to satisfy all the elements of a bill of review

In order to understand why the trial court erred by granting Hall's Motion for Summary Judgment, it helps to analyze the fundamental disconnect between what Hall *needed* to prove in order to prevail on a bill of review, versus what he was actually *able* to prove in his motion.

A bill of review is an independent equitable proceeding brought by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to a challenge by a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam).

Hall had no other remedy available to him in order to set aside the default judgment rendered against him in the Underlying Suit, so he needed to prove that the evidence he presented satisfied all the requisite elements to obtain a bill of review, or that he was entitled to one as a matter of law.

To prevail on a bill of review Hall had to prove: (1) a meritorious defense to the cause of action upon which the judgment is based, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on his or her own part.

8

*Caldwell*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam).; *Baker v. Goldsmith*, 582 S.W.2d 404, 406-07 (Tex. 1979).

In his Original Petition, Hall states that he never hired O'Conner to provide the services he was invoiced for, a claim that is sufficient to satisfy the requirement for a meritorious defense. App. F; CR 7, ¶10.

Once the existence of a meritorious defense has been established, Hall would have to prove that he was prevented from making said defense due to fraud, accident or a wrongful act of O'Connor, or by official mistake.

Hall argued that O'Connor invoicing him for services he claims he did not ask for constituted a fraud that resulted in the default judgment rendered against him in the Underlying Suit. CR 5, ¶8.

Unfortunately for Hall, the type of fraud he believes O'Connor committed, even if true, is not the same type of fraud that is considered by the Court when making a determination on a bill of review.

Texas courts have long held that only "extrinsic fraud" may entitle the petitioner to relief in a bill of review. *Alexander v. Hegedorn*, 148 Tex. 565, 226 S.W.2d 996, 1001-02 (1950).

Extrinsic fraud is "fraud that denies a losing party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted". *Browning v. Prostock*, 165 S.W.3d 336, 347 (Tex. 2005). It generally relates to the manner in

9

which the judgment was procured or involves wrongful conduct that occurs outside of the lawsuit. Id.; *Lambert v. Coachmen Indus. Of Texas, Inc.*, 761 S.W.2d 82,88` (Tex. App,--Houston [14th Dist.] 1988, writ denied).

"Intrinsic fraud", on the other hand, relates to the merits of the issues in the underlying case that either were, or should have been, litigated in that suit. *Id.* Examples of intrinsic fraud include any matter that was actually presented to and considered by the trial court in rendering judgment. *Browning*, 165 S.W.3d at 349.

Hall's idea of fraud is clearly intrinsic in nature. The question of whether or not he hired O'Connor for Property Tax Services is the type of matter that should have been resolved in the Underlying Suit. The same goes for Hall's allegations that O'Connor violated the terms of the Agreed Judgment that was reached with the Texas Attorney General.

Without any evidence of extrinsic fraud that prevented him from making his meritorious defense, Hall cannot prevail on his bill of review claim as a matter of law.

2.   **There is no basis in law or fact to prove Hall's claim that a minor typographical error in a Plaintiff's name renders a citation fatally defective**

Hall had only one avenue left to obtain the relief he sought, and that's when he argued for the first time that a typographical error in a plaintiff's name on a

10

citation renders it fatally defective and wholly insufficient to support a default judgment.

The courts have held that when a bill of review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above. *See, e.g., Peralta*, 485 U.S. at 84, 87; *Caldwell II*, 154 S.W.3d at 96-97. And the third element, lack of negligence, is conclusively established if the bill-of-review plaintiff can prove it was never served with process. *Caldwell II*, 154 S.W.3d at 97 (citing *Caldwell v. Barnes (Caldwell I)*, 975 S.W.2d 535, 537 (Tex. 1998)).

Prior to filing his Motion for Summary Judgment, Hall filed a Supplemental Petition that added defective service as a basis for his entitlement to a bill of review as a matter of law. App. O; CR 86.

The essence of Hall's argument for summary judgment was simple: defective service is the same as no service at all. The citation in the Underlying Suit was defective by virtue of the typographical error in the plaintiff's name, and therefore service was invalid. Since Hall was not served, he is be relieved of having to prove the elements for obtaining a bill of review, and instead would be entitled to one as a matter of law. App. P.

In his motion, Hall makes the argument that since there are no presumptions in favor of valid issuance, service and return of citation in the face of a direct

11

attack by bill of review on a default judgment. *Palomin v. Zarsky Lumber*, 26 S.W.3d 690, 693 (Tex. App.-Corpus Christi 2000, pet. denied (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885, 28 Tex. Sup. Ct. J. 423 (Tex. 1985) (per curiam)). A default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived service, or entered an appearance. *See* T.R.C.P. 124; *Wilson v. Dunn*, 800 S.W.2d 833, 836, 34 Tex. Sup. Ct. J. 60 (Tex. 1990); *Palomin*, 26 S.W.3d at 693. In order to uphold a default judgment on direct attack, return of service must be shown to strictly comply with the rules of civil procedure. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152, 37 Tex. Sup. Ct. J. 1216 (Tex. 1994) (per curiam). If strict compliance is not shown on the face of the record, return of service is deemed invalid. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152, 37 Tex. Sup. Ct. J. 1216 (Tex. 1994). CR 33, ¶11.

Hall believes that this "strict compliance" is absolute, so a citation that improperly names the plaintiff is fatally defective and wholly insufficient to authorize judgment by default. *Temple Lumber Co. v. McDaniel Et Ux.*, 24 S.W.2d 518, (Tex. Civ. App. 1930); *McCaulley v. W. Nat. Bank*, 173 S.W. 1000, 1001 (Tex. Civ. App.—Fort Worth 1915). CR 33, ¶12.

Whether Hall's motion would be granted or not rested on the trial court's acceptance of a single fact: the typographical error in the citation improperly

12

named the Plaintiff as "PATRICK OCONNOR ASSOCIATES" instead of "PATRICK O'CONNOR & ASSOCIATES L.P."

If they agreed with Hall's interpretation of the law, that *any* error in the citation renders it fatally defective, they would have to grant him summary judgment as a matter of law.

However, there is the possibility that the court may interpret Hall's argument to mean that is not a misspelling on its own renders the citation fatally defective, it is the possibility that the typographical error make it impossible or Hall to identify who was suing him, that the citation could be naming *someone other than O'Connor* as the Plaintiff to the suit, and that is what renders it fatally defective.

However, whether the trial court's decision to grant summary judgment in favor of Hall was premised of misspelling rather than misidentification is irrelevant, because under either theory the trial court's ruling is erroneous.

In a bill of review proceeding, the trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)*.. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." *Id.* In short, the trial court has no discretion to misapply the law. Therefore, when a court incorrectly construes or refuses to follow the law, or fails to correctly apply

13

the law to the facts, the abuse of discretion standard essentially amounts to a *de novo* review.

If the court based their ruling on the premise that the misspelling rendered the citation fatally defective, they would be making a legal determination that the misspelling of Plaintiff's name in *this* citation was sufficient to render the service invalid, which is clearly a determination of how the law applies in to the facts in this particular case.

Alternatively, the trial court can't base its decision on the argument that the typographical error caused a misidentification of the parties, because that would present a question of fact that would preclude summary judgment.

## IV. CONCLUSION AND PRAYER FOR RELIEF

The trial court erred by granting Hall's Motion for Summary Judgment, because no matter what the legal reasoning behind the judgment may have been, the trial court clearly abused its discretion by making legal determinations on fact arguments. Alternatively, the trial court erred by granting summary judgment in the face of clear fact issue.

WHEREFORE PREMISES CONSIDERED, Appellant Patrick O'Connor & Associates, L.P. prays that the trial court's ruling on Appellee Chester R. Hall's Motion for Summary Judgment, be reversed and remanded.

14

Respectfully submitted,

**LAW OFFICE OF VEKENO KENNEDY**

*/Vekeno Kennedy*

---

Vekeno Kennedy
The Law Offices of Vekeno Kennedy
Texas Bar No. 24077118
3346 East T.C. Jester Blvd., Suite F-27
Houston, Texas 77018
Phone:(713) 375-4230
Fax: (713) 457-2954
kennedy.re.law@gmail.com


*/Saif Siddiqui*

---

Saif A. Siddiqui
The Siddiqui Law Firm
Texas Bar No. 24052305
3346 E. T.C. Jester, Suite F-11
Houston, Texas 77018
Tel: (713) 927-2775
Fax: (713) 457-2961
ss@siddiquilaw.com

ATTORNEYS FOR APPELLANT

## WORD COUNT CERTIFICATION

I, counsel for Appellant, hereby certify that the word count of the Appellant's Brief is 2,917 words, including footnotes, but excluding this certification page, the tables of contents and authorities, and the proof of service. In making this certification, I have relied on the word count of the computer program used to prepare the Appellant's Brief.

DATED: November 13, 2015

Vekeno Kennedy

16